STATE *ex rel.* W. E. WEST *vs.* JAMES COLLINS, *Sheriff.*

Opinion filed Dec. 12, 1901.

### Habeas Corpus—Right to Bail—Capital Case.

Habeas corpus to obtain bail. Construing § 6 of the state constitution and § 8446, Rev. Codes 1899, *held*, that in capital cases the accused is entitled to bail before trial, as a matter of absolute right, unless the proof of guilt is evident, or the presumption thereof is great.

### When Bail Matter of Discretion.

*Held*, further, that in other capital cases bail may be granted or withheld as a matter of judicial discretion, to be exercised either by the district or the supreme court, or by the judges thereof.

### Bail Refused.

*Held*, further, upon the facts here presented and for reasons stated in the opinion, that bail will not be granted in this case upon this application, either as a strict legal right or as a matter of discretion.

Application of William E. West for writ of habeas corpus. Denied.

*Cochrane & Corliss,* for petitioner.

The petitioner has been committed without bail after a preliminary examination, upon a charge of murder in the first degree. Habeas corpus is his proper remedy. § 8685, Rev. Codes. This court has original jurisdiction to issue the writ. § 5165, Rev. Codes. And this notwithstanding a similar application has been refused in the district court. *Carruth* v. *Taylor,* 8 N. D. 166, 77 N. W. Rep. 615.

Petitioner is accused of a capital offense but is entitled to be admitted to bail because the proof of his guilt is not evident nor is the presumption great. § 6 Const.; § § 8445-8446, Rev. Codes; *Ex parte Curtis,* 28 Pac. Rep. 223; *Ex parte Heffron,* 27 Ind. 87; Kerr on Homicide, 325, § 289. All the evidence taken on the prelim-

inary examination is attached to the petition, and it is proper for this court to examine this evidence and determine whether a capital conviction could be sustained upon it, otherwise the proof is not evident or the presumption great. *Ex parte Curtis,* 28 Pac. Rep. 223; *In re Trola,* 64 Cal. 152; *In re Wolfe,* 57 Cal. 94; *In re Losasso,* 24 Pac. Rep. 1080; *Thrasher* v. *State,* 7 So. Rep. 847; Church on Habeas Corpus, § § 402-403; *State* v. *Summons,* 19 O. 139; *Ex parte White,* 9 Ark. 224; *Ex parte Kendall,* 100 Ind. 599. The word evident, as here used, means manifest, plain, clear, apparent. *Ex parte Boyett,* 19 Tex. App. 17; 3 A. & E. Enc. L. 669; *Ex parte Foster,* 5 Tex. App. 625; Church on Habeas Corpus, § 402. The evidence shows that defendant was assaulted by deceased and knocked down, kicked, his feet seized and his body dragged on the floor in the public office of the hotel, and this without any provocation by petitioner and without warning from deceased; that petitioner was a much smaller man than his assailant. When deceased was caught and pulled away he was in the act of pounding petitioner. That upon gaining his feet petitioner drew a revolver and immediately shot, killing his assailant, who was at the time within ten feet of and facing accused. These facts negative a "premeditated design to effect death" necessary to murder in the first degree. Subd. 1, § 7058, Rev. Codes; *Ex parte Wolfe,* 57 Cal. 94. Such design must precede the killing by some appreciable space of time, a time sufficient for reflection or consideration upon the matter, for choice to kill or not to kill, and for the formation of a definite purpose to kill. *People* v. *Conroy,* 97 N. Y. 76; *People* v. *Majone,* 91 N. Y. 201; Kerr on Homicide, 75; *State* v. *Hill,* 69 Mo. 452; *State* v. *Wieners,* 66 Mo. 13; *Lang* v. *State,* 5 Am. St. Rep. 324; 4 So. Rep. 193; *Commonwealth* v. *Drum,* 58 Pa. St. 9. The facts disclose that the killing was done in heat of passion produced by adequate provocation and without cooling time, reducing the grade of the offense to manslaughter. *Maher* v. *People,* 10 Mich. 218; *Minton* v. *Commonwealth,* 12 S. W. Rep. 688; *Ty.* v. *Bannigan,* 1 Dak. 447; 46 N. W. Rep. 597; *State* v. *Maines,* 37 S. E. Rep. 615; *Ex parte Moore,* 30 Ind. 198; *Hurd* v. *People,* 25 Mich. 405; *State* v. *Moore,* 1 Greene's Cr. R. 611; *Rex* v. *Lynch,* 24 Eng. Com. L. 586. The evidence as to the shooting, the position of the parties, the point where the ball struck and its direction through the body, all negative any design to effect death and bring the case fairly within the terms of Subd. 2, § 7084, Rev. Codes.

*J. B. Wineman, State's Attorney,* for the state.

A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution. § 7061, Rev. Codes. The question of provocation is for the jury. *Maher* v. *People,* 10 Mich. 212; *Hooker* v. *State,* 99 Ala. 166. Bail should be refused if the court would sustain a conviction upon the evidence before it. *Ex parte McAnally,* 53

Ala. 495; 25 Am. Rep. 646; *Ex parte Brown,* 65 Ala. 446; *Ex parte Sloan,* 95 Ala. 22. And when the proof is evident or the presumption great in a capital case it is discretionary with the court to refuse bail. *People* v. *Tinder,* 19 Cal. 539; *Ex parte Wolfe,* 57 Cal. 94; *Ex parte Bridewell,* 57 Miss. 39; *Ex parte Bird,* 24 Ark. 275; *Lynch* v. *People,* 38 Ill. 494; *In re Alexander,* 59 Mo. 599; *U. S.* v. *Hamilton,* 3 Dall. 17; *State* v. *Rockefellow,* 6 N. J. L. 332; *Ex parte Goans,* 99 Mo. 193; *State* v. *Crocker,* 40 Pac. Rep. 681. The burden is on the accused to show that the proof is not evident and the presumption not great. *Rigdon* v. *State,* 26 So. Rep. 711; *Ex parte Jones,* 31 Tex. App. 422; *Ex parte Heffron,* 27 Ind. 87; *Ex parte Winthrop,* 40 Pac. Rep. 751; *Ex parte Jones,* 55 Ind. 176. The maxim that every man is presumed innocent until found guilty does not apply to the question of bail, but on an indictment for murder accused is presumed guilty until the presumption is overthrown by proof. *People* v. *Goodwin,* 1 Wheeler Cr. Cas. 434; *Ex parte Vaughan,* 44 Ala. 417. The presumption is that the district court properly exercised its discretion in refusing bail. *Ex parte McCrary,* 22 Ala. 65; *Ex parte Allen,* 55 Ala. 258; *Ex parte Osborne,* 24 Ark. 185; *Ex parte Turner,* 112 Cal. 627; *Ex parte Clawson,* 5 Pac. Rep. 74.

WALLIN, C. J. In this proceeding the petitioner, William E. West, by his attorneys, Messrs. Cochrane & Corliss, has presented to this court a verified petition, asking that a writ of habeas corpus shall issue out of this court, directed to the sheriff of Grand Forks county, commanding him to produce before this court the body of the petitioner, and to show cause by what authority the petitioner is detained without bail, and this to the end that the petitioner be admitted to bail by this court. At the time of the presentation of said petition the state was represented by J. B. Wineman, Esq., state's attorney for Grand Forks county, and the petitioner was represented by his said attorneys, Cochrane & Corliss; whereupon it was stipulated between counsel in open court that the writ need not issue in the first instance, and that the facts and merits of the application should be presented to the court, and heard and determined by the court, upon the application for the writ, and that the evidence and matters of fact, as embodied in the petition for the writ should be held and considered by the court in all respects as if the same had been embraced in a return made by the sheriff in response to the writ.

The uncontroverted facts, as set out in the petition as grounds for the relief which is sought by the petitioner, are as follows: Upon a warrant of arrest issued by a justice of the peace of Grand Forks county, the petitioner was arrested and brought before said justice of the peace on the 3d day of December, 1901; whereupon, after a preliminary examination of the petitioner was had before said justice of the peace, an order and finding was entered in the docket of said justice of the peace to the effect that the crime of murder had

been committed in Grand Forks county, and that there was probable cause to believe that the petitioner was guilty thereof; and said finding and order also embraced the following provision: "It is therefore ordered that the defendant, W. E. West, be held to the district court of Grand Forks county, N. D., to answer to any indictment or information that may be filed against him touching said charge, and be committed to the custody of the sheriff of said county without bail." Pursuant to said order and finding of the justice of the peace, a warrant of commitment was issued by the justice, under which the sheriff received the petitioner into his custody, and now holds the petitioner as a prisoner. The petition further shows that on the 4th day of December, 1901, the petitioner made application to the district court of the First judicial district, Hon. Charles. J. Fisk presiding, for a writ of habeas corpus, to the end that the petitioner might be admitted to bail upon said charge, and a hearing was then had before said district court upon such petition, upon all the evidence adduced and proceedings had before the justice of the peace, and upon no other facts and evidence, said evidence consisting of the testimony adduced upon the part of the state at the preliminary examination, and the same evidence and proceedings, and none other, are embodied in the petition presented to this court. At the hearing had upon the application made to the district court, the petitioner and the state were represented by their said counsel, and after hearing counsel the district court refused to issue the writ, and refused to either admit the petitioner to bail or to fix the amount of his bail, and said court directed that the petitioner be continued in the custody of the sheriff without bail.

Upon this state of facts the question first arising upon this application is whether the petitioner is entitled to bail as a matter of strict legal right. Counsel for the petitioner contend that he is, and cite section 6 of the state constitution, and section 8446 of the Revised Codes of 1899 in support of their contention. The first sentence of section 6 of the constitution is as follows: "All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great." In our judgment, the constitution, by its own terms, guarantees the right to bail before trial in capital cases, unless the proof of the commission of the capital offense is evident or the presumption thereof is great; and we are further of the opinion that said section of the state constitution does not forbid bail in a capital case where the proof of guilt is evident or the presumption thereof is great. As we read section 6 of the constitution, that section is silent as to granting or withholding bail in a capital case where the proof of guilt is evident or the presumption thereof is great. On the one hand, the constitution itself does not give the right to bail in the class of cases last mentioned; and, on the other hand, the constitution does not inhibit the legislature from doing so. In support of our views upon this feature of the case we cite *People* v. *Tinder,* 19 Cal. 539, 81 Am.

Dec. 77. In that case Mr. Justice Field, speaking for the court, and in construing a constitutional provision identical with that under consideration, uses the following language: "The admission to bail in capital cases, where the proof is evident or the presumption is great, may be made a matter of discretion, and may be forbidden by legislation, but in no other cases. In all other cases the admission to bail is a right which the accused can claim, and which no judge or court can properly refuse."

We are therefore required to examine the evidence presented upon this application with a view of ascertaining whether, under the constitution and as a matter of strict legal right the petitioner is entitled to bail. In performing this duty all members of this court have given the evidence and the law applicable thereto a careful consideration, and the conclusion has been reached that the petitioner is not entitled to bail as a matter of strict legal right. We have also reached the further conclusion that any extended presentation or discussion of the evidence at the hands of this court, in advance of the trial of the case upon the merits would be manifestly improper. In capital cases the question of whether the homicide resulted from the premeditated act of the accused is ordinarily one of fact, to be determined by the jury under proper instructions to be given to the jury by the trial court. In such cases the pivotal question of the grade of the homicide ought not, in our judgment, to be made the subject of collateral inquiry and determination in advance of the trial, except in cases where there is little or no ground for a difference of opinion as to the grade or degree of the homicide. In our opinion, this court would be trenching upon delicate and dangerous ground should it attempt to pass upon the crucial question to be deteremined hereafter by the jury impaneled to try and decide upon the entire matter of the guilt or innocence of the accused, including the matter of the nature and the degree of the homicide. Upon such considerations we are constrained to refrain from any discussion of the evidence or the law applicable thereto.

But, in ruling that the petitioner is not entitled to bail as a matter of strict legal right, this court does not hold that bail may not be granted the petitioner at all or for any reason. In our opinion, the petitioner, under section 8446, supra, is entirely at liberty to apply either to this court or to the district court for bail. But in that event the application may be either granted or refused, in the exercise of a sound judicial discretion. In the case as now presented to this court, counsel have insisted upon the right to bail as a matter of strict legal right, and have omitted to present to this court any facts or considerations of a special nature which would appeal to the discretion vested in this court, or which would in any way enlighten this court with respect to the granting or refusing of bail under the circumstances surrounding this case. Hence we are not in a position in this case to grant bail at the present time. But our refusal to do so does not operate as a bar to any future appli-

cation for bail by the petitioner. He is entirely free to make another application; but, in the event of his doing so, the application should be first made to the district court, as that tribunal is convenient to the parties, and is also in a better position to understand existing local conditions and all the facts and circumstances bearing upon the matter of granting or refusing bail in this particular case.

In reaching the conclusions which have been advanced in this opinion there has been entire unanimity of opinion on the part of the members of this court, except upon the point of whether the petitioner is entitled to bail as a matter of strict legal right. As to that point a conclusion is reached by a divided court.

The writ prayed for in the petition is denied.