STATE OF NORTH DAKOTA v. L. S. HARTZELL AND E. T. BASCOM.

Opinion filed September 7, 1904.

**Appellate Court Will Not Discuss Law or Facts on Application for Bail.**

1. In order that it may not prejudice the rights of a defendant in a criminal case upon his final trial, this court will not ordinarily, in refusing an application for bail, discuss either the facts or the law of the case.

**Applicants Not Entitled to Bail.**

2. Upon the record presented in this application it is *held*, that (1) the petitioners are not entitled to bail as a matter of strict legal right, and (2) that no cause is shown for granting it as matter of discretion.

Petition of L. S. Hartzell and E. T. Bascom for release on bail. Denied.

*E. R. Sinkler* and *Bosard & Bosard,* for petitioners: *George M. Price,* State's Attorney.

YOUNG, C. J. Habeas corpus for bail. The petitioners, L. S. Hartzell and E. T. Bascom, were committed by a justice of the peace of Cavalier county, after a preliminary examination and without bail, to answer to the district court of that county upon a charge of murder in the first degree, alleged to have been committed on July 7, 1904, upon the body of Byron U. Stoddard. An application for bail was made to the judge of the district court, and the same was denied. On the application to this court, the state's attorney and counsel for the petitioners have filed a stipulation that the writ need not issue in the first instance, and that the merits may be disposed of upon the transcript of the testimony taken at the preliminary examination and certain affidavits submitted with the application for the writ.

The petitioners base their right to bail upon section 6, article 1, of the state Constitution, which reads as follows: "All persons shall be bailable by sufficient sureties unless for capital offenses where the proof is evident and the presumption great; * * *" and section 8446, Rev. Codes 1899, which repeats the constitutional guaranty just quoted, and provides that "in such actions it shall be taken only by the Supreme Court or a judge thereof, or by a district court or a judge thereof, and the taking thereof shall be discretionary, regard being had to the nature and circumstances of the offense and to the evidence and to the usages of law. * * *"

This court has held that under the foregoing provisions one charged with a capital offense is entitled to bail as an absolute right "unless the proof of guilt is evident or presumption thereof great," and in case the proof of guilt is evident or the presumption thereof is great the granting or refusal of bail is a matter of judicial discretion. See State v. Collins, 10 N. D. 464, 88 N.. W. 88.

We have examined the evidence upon which the application for bail is submitted, and are agreed that the petitioners are not entitled to bail as a strict legal right. The allowance of bail is then a matter of judicial discretion, and the record upon which the application is made, like that in State v. Collins, supra, contains no showing of facts whatever to move our discretion, and this was also true of the application to the district court. In State v. Collins, supra, we applied the wholesome rule generally approved by appellate courts, and we shall adhere to it in this case, that in denying an application for bail "neither the facts nor the law in such cases will ordinarily be discussed by the court, lest it prejudice the rights of the defendant on his final trial." Church on Habeas Corpus, section 389; Sharp v. State, 1 Tex. App. 299; Ex parte Rothschild, 2 Tex. App. 567; Ex parte Moore, 5 Tex. App. 103; Ex parte Day, 3 Tex. App. 328.

Application denied. All concur.