Ex parte JACK HOWELL.

No. A-6107. Opinion Filed April 19, 1926.
(245 Pac. 66.)

Gomer Smith, for petitioner.

The Attorney General, Smith C. Matson, Asst. Atty. Gen., and J. D. Holland, Co. Atty., opposed.

DOYLE, J. In this proceeding petitioner filed in this court, on March 6, 1926, a duly verified petition for writ of habeas corpus to be admitted to bail.

It appears that petitioner was committed by the county judge of Cleveland county, after a preliminary examination, and without bail, to answer in the district court of that county upon a charge of murder, alleged to have been committed on the 14th day of February, 1926, in killing W. B. Dickover, by driving a car, while under the influence of intoxicating liquor, in a reckless way, upon the public highway; that an application for bail was made to the judge of the district court of Cleveland county, and the same was denied; that the proof of guilt of murder is not evident, nor the presumption thereof great—all of which is clearly shown by the testimony of said preliminary trial, a copy of the same being attached and made a part of the petition.

It is the uniform holding of this court that, under the constitutional provision (article 2, § 8) one charged with a capital offense is entitled to bail as an absolute right, unless the proof of guilt is evident, or the presumption thereof great, and, in case the proof of guilt is evident, or the presumption thereof great, the granting or refusing of bail is a matter of judicial discretion.

Upon a consideration of the testimony, we are of

opinion that the petitioner is entitled to bail as a matter of legal right.

It is therefore adjudged and ordered that said petitioner be admitted to bail upon the charge of murder now pending against him, and that his bail be, and is hereby, fixed in the sum of $15,000, bond to be conditioned as required by law, and the same to be approved by the court clerk of said county, and upon his approval of said bond he shall notify the sheriff, who shall thereupon discharge said petitioner from custody.

BESSEY, P. J., and EDWARDS, J., concur.