No. 20,919.

SAM SHANKS v. DISTRICT COURT OF JEFFERSON COUNTY, AND HONORABLE CHRISTIAN D. STONER, ONE OF THE JUDGES THEREOF.
(385 P. [2d] 990)

Decided October 21, 1963.

Mr. W. H. ERICKSON, Mr. CHARLES F. BREGA, for petitioner.

Mr. RONALD J. HARDESTY, District Attorney, First Judicial District, Mr. F. RICHARD HITE, Assistant, Mr. ROBERT G. PIERCE, Deputy, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding upon the petition of Sam Shanks in which it is alleged that the "Defendant Court and the Defendant Judge * * * exceeded the jurisdiction of the court and abused the discretion of the court" in refusing to admit him to bail in an action pending in said court.

Shanks was named defendant in an information filed in the district court of Jefferson county, which accused him of the murder of one Robin R. Roberts. Counsel for Shanks filed a "Motion for Bail" following his arrest, in which it was alleged, inter alia:

"3. That there is no evidence which would in anywise implicate or involve the Defendant with the crime charged, other than limited circumstantial evidence, and the defendant is entitled to bail as a matter of right.

"4. That an Information was filed on August 14, 1963, charging the Defendant with murder and declaring that the crime was not bailable.

"5. That the Defendant has not confessed to any crime and alleges on information and belief that no eye witness exists which would permit the Court to impose a death penalty.

"6. That the case charged is not a capital case where the proof is evident and the presumption great.

"7. That the Defendant is unable to properly assist counsel in the preparation of a defense without the right to bail, and a fair trial cannot be held without bail being set."

This motion came on to be heard August 19, 1963.

It is admitted that no evidence was taken at that

"hearing"; that the district attorney who was under subpoena to testify admitted in open court that he had no evidence that Shanks had confessed the crime; that he had no "direct" evidence, and that the case was one in which only circumstantial evidence was available. Following these admissions by the district attorney the trial court entered the following order.

"THIS MATTER, coming on regularly to be heard, pursuant to notice,

"AND THE COURT having examined the file and having heard the statements of counsel,

"DOTH FIND:

"1. That the District Attorney was subpoenaed and admitted in Open Court that the case against Sam Shanks was wholly circumstantial and that there was no direct evidence or a confession or any eyewitness to the crime charged against Sam Shanks at the present time.

"2. That the District Attorney has opposed the granting of bail.

"3. That the filing of an Information is sufficient basis for the denial of bail, since it creates a presumption that the proof is evident and the presumption great of the Defendant's guilt of a capital offense.

"THEREFORE, IT IS THE ORDER OF THE COURT that bail be denied."

Thereafter a second application for release on bond was made by Shanks on substantially the same grounds as those urged in the first motion. On September 10, 1963, the trial court entered the following order:

"THIS MATTER coming on regularly to be heard and the Court having considered the record heretofore made and being fully advised in the premises,

"DOTH FIND:

"That the circumstances have not changed and that bail is denied; and

"IT IS FURTHER ORDERED that any petition for rehearing on the issue of bail if filed, would be denied."

Thereupon these proceedings were instituted, our rule to show cause issued, and the respondents, appearing by the district attorney, have filed their answer in which they assert that they refused to admit Shanks to bail for the reason "that the said Sam Shanks for the purpose of proving himself qualified for bail has failed to overcome the presumption of guilt cast upon him by the filing of the information in the trial Court charging the crime of first degree murder." It is further asserted that the admission of a person to bail under the circumstances here present is "a matter within the sound discretion of the trial Court" and, it is said, "in view of the fact that no evidence has been presented to the respondent Judge and Court, there can be no valid claim of the exercise of arbitrary and capricious discretion herein."

The case of *In Re Losasso*, 15 Colo. 163, 24 Pac. 1080, is relied upon by the district attorney and no other authority is cited by him. The opinion in that case clearly indicates that the trial court is under a duty to determine, from evidence presented, whether with reference to the charge against the accused, " * * * the proof is evident or the presumption great." We think that the admissions of the district attorney were sufficient to require that the court make findings based upon evidence on the question as to whether the proof is evident or the presumption great.

While it is true that in the *Losasso* case, supra, the court stated that: " * * * The indictment creates a strong presumption that the prisoner is guilty of the higher crime and not entitled to bail. The burden of overcoming this presumption is cast upon him, * * * " we must harmonize that statement with other pertinent parts of the opinion, from which we quote the following:

" * * * But it is universally conceded that the constitutional provision, in effect, though not in words, changes the common law so as to confer an absolute right to bail after indictment in all other felonies. Proofs may be required in determining the amount of bail, but

the right thereto is no longer a matter of judicial inquiry or discretion. Is it not equally reasonable, and equally in harmony with established rules of construction, to suppose that a change was also intended in the character of the presumption furnished by the indictment in capital cases? If the common-law rule is so relaxed that what was formerly, at most, a matter of judicial discretion is now a matter of absolute right, may it not be that that which formerly constituted a conclusive presumption should now be regarded as *prima facie* proof only? The language of the exception itself would seem to sustain this conclusion. It clearly implies an investigation by some tribunal into the sufficiency of the proofs. Bail as a matter of right is denied; but, when some competent authority ascertains by inquiry that the proof is not evident and the presumption not great, its allowance is imperatively commanded. That the tribunal, or authority possessing the power of admitting to bail, should make this inquiry, is not an unreasonable deduction.

\* \* \*

"While the guilt or innocence of the accused is not to be determined, the quantity and character of the proofs on this point are, for the special purpose in hand, necessarily considered. Occasionally much time is thus consumed, and the court's attention is correspondingly diverted from other business. But these objections cannot avail against a positive constitutional command; if the constitution requires the court to determine for itself whether or not the proof is evident or presumption great in a given case, all considerations of expediency or convenience, however potent they might be at the common law, must give way."

▆▆ In the recent case of *People v. Spinuzzi,* 149 Colo. 391, 369 P. (2d) 427, we considered the question of the right of an accused to bail in a murder case. We said:

"The People assign as error the trial court's action

admitting the defendant to bail pending the trial. Article II, Sec. 19 of the Colorado Constitution provides:

" 'All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great.'

"The constitutional provision has been interpreted by this Court to mean that bail may be permitted in a capital case where the court finds that the proof is not evident or the presumption of the defendant's guilt great, and that it is the duty of the court to determine for itself these matters in each case. In re Losasso, 15 Colo. 163, 24 P. 1080, 10 L.R.A. 847."

The trial court did nothing more than summarily sustain the objections of the district attorney to the request for bail. It did not "determine for itself" from any competent evidence that, "the proof is evident, or the presumption great" that the accused was guilty of the crime charged. The opinions of this court in the *Losasso* case and the *Spinuzzi* case contain ample guidance for proper action and the directions therein contained have not been followed in the instant case.

The cause is remanded to the trial court with directions to vacate the order denying the Motion for Bail. It is further ordered that the trial court forthwith conduct a hearing on the question of whether, with reference to the guilt of the accused, "the proof is evident, or the presumption great." It is further directed that the evidence taken at said hearing be recorded and that findings based thereon be made — all to the end that this court may have before it a full record of proceedings in the event that the matter is again presented to us for review by any party who may feel aggrieved by the trial court's determination.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE specially concur.

MR. JUSTICE HALL and MR. JUSTICE McWILLIAMS dis-

sent. Mr. Justice Hall desires that the record express his view that the rule to show cause should not have been issued, and that said rule should now be discharged.

MR. CHIEF JUSTICE FRANTZ specially concurring:

Article II of the Constitution of Colorado is the Bill of Rights. Section 19 of the Bill of Rights provides that:

"All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great."

It is to be noted that all persons are bailable with the one exception. The exception is stated in affirmative language. What meaning can be attached to the words, "when the proof is evident or the presumption great"? Whose proof does Section 19 contemplate must be evident? It can only refer to the People's proof. Certainly, it does not advert to the defendant's proof. The exception is not couched in negative language, to require thereby that the defendant show the proof *not* evident or the presumption *not* great.

I am convinced that under the Constitution the granting of bail is the general rule and its refusal the exception, and that the burden of satisfying the trial court that a given situation falls within the exception is upon the one seeking denial of bail. *Ford v. Dilley,* 174 Iowa 243, 156 N.W. 513. Such view comports with the constitutional notion that we are dealing with a right and also with the positive, affirmative language employed by the drafters of Section 19.

I would therefore hold that the trial court should require the People, where a capital offense has been charged, to produce evidence to satisfy it that the proof is evident or the presumption great.

MR. JUSTICE PRINGLE specially concurring:

I concur in the opinion of the Court written by Mr.

Justice Moore. However, in view of the dissenting opinion, I would add the following comment.

The Constitution of the State of Colorado guarantees to every individual accused of a crime the right to reasonable bail. It excepts from that guarantee only those accused of a capital offense where the presumption is great or the proof is evident that such a capital offense has been committed by the person charged. See *Ex parte Berry,* 198 Wash. 317, 88 P. (2d) 427; *Fischer v. Ball,* 212 Md. 517, 129 A. (2d) 822. It is not the charge itself which justifies the denial of bail, but the fact that the proof is evident or the presumption great that the defendant has committed a capital offense. It is true that when an information is filed charging a capital offense the information itself furnishes the authority to the court to refuse to set bail in the first instance. But when the accused seeks bail and challenges the determination made by the court to deny bail on the basis of the information alone, it becomes the duty of the court to determine for itself whether the proof *is* evident or the presumption *great.* The views of Mr. Justice McWilliams would, in my opinion, abrogate the express provisions of our Constitution and permit a judge to hold without bail an accused merely because an information was filed without determining, although the accused requests it, whether the proof was evident or the presumption great that he had committed a capital offense.

*In re Losasso,* 15 Colo. 163, 24 Pac. 1080, 10 L.R.A. 847, when read in its entirety, in my view, clearly directs the trial court to conduct an inquiry into the question of whether the proof is evident or the presumption great that the accused has committed a capital offense when application for bail is made. My judgment in this is strengthened by the fact that the court cites with approval from *Ex parte McAnally,* 53 Ala. 495, which requires the court to make the inquiry and to determine whether the proof is evident or the presumption great.

I adhere to what was said in *People v. Spinuzzi,* 149

Colo. 391, 369 P. (2d) 427, that courts should proceed with extreme caution in permitting bail in a capital case, but this in itself does not permit the court to dispense with the determination which the Constitution prescribes. As was said in *In re Losasso,* supra, a careful, conservative and fearless exercise of judgment by the trial court in weighing the proofs will safeguard the interests of the public while preserving to an accused those rights guaranteed to him by the Constitution of this state.

MR. JUSTICE McWILLIAMS dissenting:

In an original proceeding instituted in this Court, said proceeding being described as one in the nature of mandamus, certiorari and habeas corpus, Shanks sought the issuance of a "show cause" order commanding the district court of the First Judicial District and the Honorable Christian D. Stoner, one of the Judges thereof, "to vacate his order denying . . . [Shanks'] Motion for Bail and to show cause why . . . [Shanks] should be held without bail being set and for an order setting bail in the reasonable amount of ten thousand dollars ($10,000.00)."

This Court issued such a "show cause" order and the respondents in due time filed an "Answer to Show Cause Order Issued Herein."

Because of the nature of this proceeding, i.e., an original proceeding, this Court in my view should now either command that the writ heretofore issued be made permanent or order that the rule be discharged and the petition dismissed. The majority does not take either of these alternative courses of action, but chooses to "remand" the cause to the trial court with directions to vacate its order heretofore entered denying Shanks' Motion for Bail and directing the trial court to then conduct a hearing "on the question of whether, with reference to the guilt of the accused, the proof is evident or the presumption great." I hold such disposition to be procedurally improper, inasmuch as this being an origi-

nal proceeding in this Court there is nothing before us to "remand" to the trial court.

In his petition filed in this Court, Shanks makes no complaint that he has not been afforded a hearing by the trial court in connection with this Motion for Bail. Rather, it is his position that *"at the hearing on . . .* [Shanks'] Motion for Bail, the district attorney for the First Judicial District, who was under subpoena to testify for . . . [Shanks] admitted, rather than take the stand, that there was no direct evidence in existence at the present time against . . . Sam Shanks and that he did not have a confession or the statement of an eye witness, and that the case was solely a circumstantial evidence case." (Emphasis supplied.)

Shanks was apparently completely satisfied with this so-called "admission" from the district attorney, and voluntarily chose to rest his right to bail on this admission. At least he makes no contention here that "at the hearing" he was precluded from offering any other matter of an evidentiary nature in support of his motion.

The only issue posed by this original proceeding is succinctly stated by Shanks himself when he declares in his petition that he "established his right to bail through the admission of the district attorney . . . in open court that no direct evidence exists." In my view Shanks did *not* "establish his right to bail through the admission of the district attorney . . . that no direct evidence exists," such admission, standing alone, being legally insufficient to overcome the presumption raised by the filing of the information. Hence, I would discharge the rule and dismiss the petition.

Also inherent in the majority opinion, as I understand it, is the strong intimation that where a defendant, charged with a "capital offense," files a motion for Bond, there then somehow devolves upon the trial court a duty to "investigate" and otherwise take the initiative in determining whether there exists the right to bond. Mr. Justice Pringle in his specially concurring opinion

declares that "when the accused seeks bail and challenges the determination made by the court to deny bail on the basis of the information alone, it becomes the duty of the Court to determine for itself whether the proof *is* evident or the presumption *great.*" And Mr. Chief Justice Frantz in his specially concurring opinion goes further and declares that "the burden of satisfying the trial court that a given situation falls within the exception is upon the one seeking denial of bail."

With all of this, I am also in disagreement. True, in *People v. Spinuzzi,* 149 Colo. 391, 369 P. (2d) 427, it was stated "that it is the duty of the Court to determine for itself these matters [right to bail in a capital offense] in each case," but this language does not mean that the Court, rather than the accused, has the burden of going forward. In my view, the quoted language merely means that the trial court is the forum where the motion to set bail shall be heard, and once the hearing is held then the trial court does have the "duty to determine," on the basis of the record before it.

To elaborate, I would subscribe to the following:

1. In Colorado, one accused of murder in the first degree is not "bailable . . . when the proof is evident or the presumption great";

2. The filing of an information, or the return of a grand jury indictment, charging murder in the first degree, does itself create a "strong presumption . . . that the prisoner is not entitled to bail" and is the authority for the trial court to refuse to set bail in the first instance;

3. This presumption is rebuttable, not conclusive, and one charged with murder in the first degree and held without bail may apply for the setting of reasonable bail and *he has the burden of proving his right to bail.*

In support of these several propositions I, too, direct attention to *In re Losasso,* 15 Colo. 163, 24 Pac. 1080, where it is said:

"When life is suspended in the balance the temptation

to avoid trial is, in most instances, peculiarly great; and a release upon bail should not be permitted, unless the court feels clear that the constitutional exception does not apply. The indictment creates a *strong presumption* that the prisoner is guilty of the higher crime and not entitled to bail. *The burden of overcoming this presumption* [that the prisoner is guilty of the higher crime and not entitled to bail] *is cast upon him* [i.e. the prisoner]."

To me this language is quite clear and easily understood, and declares that the defendant, not the People acting through the district attorney — let alone the trial court itself (!), has "the burden of overcoming the presumption" and thus establishing that he (the prisoner) is entitled to bail.

In my judgment this clear mandate is neither expressly nor impliedly negated by any other language appearing in *In re Losasso,* supra.

Similarly in 8 C.J.S. Bail, § 34 (3), appears the following:

"In some jurisdictions, an indictment or information for a capital offense is no evidence that accused is guilty in a degree that would bar the allowance of bail as of right, that is, it raises no presumption that the proof is evident or the presumption great. Hence, the state must bear the burden of establishing that the offense is not bailable as of right, or of showing that the proof of guilt is evident or a presumption thereof great, or that the offense is of a character that would call for capital punishment, and accused cannot ordinarily be denied bail unless the state establishes these issues.

"On the other hand, it is the rule in many jurisdictions that the finding of an indictment or the filing of an information in a capital case makes out a prima facie case of guilt against accused, that is, it raises the presumption that the proof of guilt is evident and the presumption thereof great. *Thus, on an application for release on bail, applicant has the burden of showing that he is entitled thereto; which, obviously casts on him the*

*burden of proof, either to overcome the presumption of guilt arising from the indictment, or establishing that the proof of his guilt is not evident and the presumption not great.*" (Emphasis supplied.)