No. 25634

**The People of the State of Colorado ex rel. Duke W. Dunbar, Attorney General, and Robert R. Gallagher, District Attorney for the Eighteenth Judicial District v. District Court of the Eighteenth Judicial District and the Honorable Richard D. Greene, a Judge thereof**

(500 P.2d 358)

Decided August 28, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for petitioners.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, for respondents.

Sherman, Quinn and Sherman, Edward H. Sherman, Joseph R. Quinn, for amicus curiae.

*En Banc.*

Per Curiam

This original proceeding was initiated after an order of the district court directed that Dilmon Ray Nixon and Bruce Edward McElravy be released on bail. The court set bail for Dilmon Ray Nixon in the amount of $25,000. Fifteen Thousand Dollars bail was set by the court for the release of Bruce Edward McElravy. The district court's action was predicated upon the theory that *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), abolished capital punishment and thereby made capital offenses bailable. These two defendants, and two others, were charged in five counts with murder in the first degree by arson. The offenses

charged, in the judgment of our Legislature, permitted the imposition of the death penalty. When bail was granted, the Attorney General sought a writ of prohibition, and we issued a rule to show cause why the district court's order granting bail should not be set aside. We now make the rule absolute.

■ The issue presented to us is whether *Furman v. Georgia, supra,* deprives Article II, Section 19 of the Colorado Constitution of vitality. We think not. Section 19 provides.

"*Right to bail.* — All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great."

The right to bail under our Constitution has been construed in a series of cases which reflect the intent that our Court laid to the framers of the Constitution. *Shanks v. District Court,* 153 Colo. 332, 385 P.2d 990 (1963); *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963); *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427 (1962); *In Re Losasso,* 15 Colo. 163, 24 P. 1080 (1890); *Corbett v. Patterson,* 272 F. Supp. 602 (D. Colo. 1967).

Our Legislature has included the following directive in our new Code of Criminal Procedure:

"39-4-101. *Bailable offenses.* All persons shall be bailable before conviction, except in a prosecution for a capital offense in which the proof is evident, or the presumption great." Colo. Sess. Laws 1972, ch. 44, § 1.

In addition, the Legislature, in our new Code of Criminal Procedure, has offered criteria to determine the type and amount of bail which should be permitted. Colo. Sess. Laws 1972, ch. 44, § 1. Our legislative standards are substantially equivalent to *American Bar Association Standards for Criminal Justice Relating to Pretrial Release,* § § 4.5, 5.1, 5.3.

As we read *Furman v. Georgia, supra* (a trilogy of cases decided at the same time), the Supreme Court of the United States has spoken in a collection of opinions which only reflect a majority view in the per curiam statement of the court. All three cases which were before the court involved death sentences. Two of the cases involved sentences to death

for the crime of rape and one for the crime of murder. The limited question which was considered on certiorari was said to be, "Does the imposition and carrying out of the death penalty [in these cases] constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments?" The answer provided by the Supreme Court was that the judgment in each case should "be reversed insofar as it leaves undisturbed the death sentence imposition." The Supreme Court concludes its per curiam decision, after ordering that the mandate be complied with, with the statement:

"MR. JUSTICE DOUGLAS, MR. JUSTICE BRENNAN, MR. JUSTICE STEWART, MR. JUSTICE WHITE, and MR. JUSTICE MARSHALL have filed separate opinions in support of the judgments. THE CHIEF JUSTICE, MR. JUSTICE BLACKMUN, MR. JUSTICE POWELL, and MR. JUSTICE REHNQUIST have filed separate dissenting opinions."

It is impossible for us to reconcile the various opinions which are included in the 243 pages of divergent views that support the Supreme Court's per curiam result. We, however, recognize that the death penalty cannot be constitutionally permitted under the circumstances that existed in the cases which were before the Supreme Court for review.

Bail, as a matter of right, for all but the most heinous crimes, has been recognized in Colorado since our Constitution was adopted. Our Constitution has defined a class of crimes which permit the denial of bail. Murder is within that class of crimes. The same rationale has been expressed by the California Supreme Court in footnote 45 of *People v. Anderson,* 6 Cal. 3rd 628, 493 P.2d 880 (1972), in construing a constitutional provision regarding bail practically identical to ours. *See also Corbett v. Patterson,* 272 F.Supp. 602 (D. Colo. 1967), and *United States ex rel. Covington v. Coparo,* 297 F.Supp. 203 (S.D. N.Y. 1969). If bail is to be denied, it is incumbent upon the prosecution to come forward and show that the proof is evident or the presumption great that the crime set forth, which was a capital offense prior to *Furman v. Georgia, supra,* was

committed by the defendant. *Shanks v. District Court, supra.* If evidence of that kind and nature is presented, bail can properly be denied. If on the other hand, evidence is not presented by the prosecution, it is incumbent upon the court, looking to the guidelines laid down in our new statute and in the case of *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), to set reasonable bail in compliance with our Constitution and the Eighth Amendment of the Constitution of the United States.

Rule to show cause is made absolute.

MR. JUSTICE DAY not participating.