## No. 26671

**The People of the State of Colorado v. The District Court in and for the County of Adams, and the Honorable Abraham Bowling, one of the judges thereof**

(529 P.2d 1335)

Decided December 16, 1974.    Rehearing denied January 20, 1975.

Floyd Marks, District Attorney, Harlan R. Bockman, Assistant, Brian T. McCauley, Deputy, for petitioner.

Carroll, Bradley & Ciancio, P.C., Louis A. Weltzer, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Sandra Steele is charged with first-degree murder in the respondent court. Our state constitution provides:
"All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great." Colo. Const. Art II, § 19.
She concedes that the proof is evident and the presumption great, and the court so found. Nevertheless, the court granted bail, setting bond in the amount of $25,000.

The district attorney came here for a writ of prohibition. We issued a rule to show cause why the defendant should be admitted to bail and issued a stay of the order granting bail. Briefs have been filed by both sides, and we now make the rule absolute.

Two questions are involved: (1) when the proof is evident or the presumption great — is there a discretion vested in the court with respect to the granting of bail? And (2), if our constitutional provision makes the denial of bail mandatory when the proof is evident or the presumption great — is this unconstitutional under the Eighth Amendment of the United States Constitution as applied to the states under the Fourteenth Amendment?

If there is a discretion in the respondent court, the record discloses that the granting of bail was amply justified. There was testimony that the defendant's character and reputation were good. There was expert testimony that being confined in jail was having a very deleterious effect upon the defendant. It was shown that the defendant has five children attending school in the Thornton community where she resides. Other evidence indicated that she would not flee, and there was none to indicate there was any likelihood that she would.

I.

The respondent judge expressed the view that the granting

of bail was discretionary. The deputy district attorney, while opposing the admission of defendant to bond, agreed with the view that it was discretionary, stating, "I believe that's what the cases hold, Your Honor."

The district attorney argues here that in states having similar constitutional or statutory provisions the rule of a great majority is that denial of bail is mandatory when the proof is evident or the presumption great. It appears otherwise to us. The majority rule may well be that the granting of bail still remains discretionary with the court. *See In Re West,* 10 N.D. 464, 88 N.W. 88 (1901); *Ex Parte Howell,* 34 Okla. Cr. 126, 245 P. 66 (1926); *State v. Toomey,* 126 Vt. 123, 223 A.2d 473 (1966); Note, 39 LRA (N.S.) 752 (1912).

Nevertheless, we read "all persons shall be bailable . . . except for capital offenses when the proof is evident or the presumption great" to mean and say that, when the proof is evident or the presumption great, denial of bail is mandatory. So far as we are advised, this court has previously not said so specifically. It is the inference, however, in *Shanks v. District Court,* 153 Colo. 332, 385 P.2d 990 (1963); *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427 (1962); and *In Re Losasso,* 15 Colo. 163, 24 P. 1080 (1890). *See People v. Tinder,* 19 Cal. 539 (1862); and *State v. Crocker,* 5 Wy. 385, 40 P. 681 (1895).

If the rule in this state were otherwise, we could not have reversed in *People ex rel Dunbar v. District Court,* 179 Colo. 304, 500 P.2d 358 (1972).

It occurs to us that it must be a rare instance when a court admits a defendant to bail in a capital case after making evidentiary finding adverse to the defendant. Most of the cases appear to be concerned with a matter in which some discretion is vested in the trial judge — the finding of whether the proof is evident or the presumption great.

## II.

The defendant argues that the Eighth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, requires that bail be issued here. The Eighth Amendment reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The cases cited by the defendant either do not support the point or were cited to support arguments by analogy. We do not follow the analogies. In contrast, it has been held otherwise.

"Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail." *Mastrian v. Hedman,* 326 F.2d 708 (8th Cir.), *cert. denied,* 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964).

The rule is made absolute and the respondents are directed to deny bail.

MR. JUSTICE ERICKSON dissents, and will file a dissenting opinion later.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. I would not deprive the trial judge of the right to exercise sound judicial discretion, even if the case fell within the wording of our statute and Article II, Section 19 of the Colorado Constitution. Our Constitution and a companion statute require that "all persons shall be bailable by sufficient sureties except for capital offenses when the proof is evident or the presumption great." *Colo. Const.* Art. II, Sec. 19. *See* Colo. Sess. Laws 1972, ch. 44, 39-4-101 at 203; Crim. P. 46.

The Colorado Constitution requires that a hearing be held to ascertain whether the proof is evident or the presumption great. *Shanks v. People,* 153 Colo. 332, 385 P.2d 990 (1963).

The issue which the majority has decided in this case only arises when the court determines that the proof is evident and the presumption great. In my view, the majority has placed an unnecessary restriction on the trial judge. The wording of our Colorado Constitution does not require the interpretation which the majority opinion affords it. A number of jurisdictions with similar constitutional provisions have left some discretion with the

trial judge. In *State v. Toomey,* 126 Vt. 123, 223 A.2d 473 (1966), the court said:

"Even where the offense charged is a capital one, and the proof of guilt is evident or presumption great, the prisoner may be admitted to bail in the discretion of the court . . . ; but in this connection it should be stated that the discretion to be exercised by a court of justice is not an arbitrary, but a sound, judicial discretion, controlled by certain and well defined and established rules."

Similar interpretations of similar constitutional bail limitations were made by other courts of last resort which have reached the issue. *In re West,* 10 N.D. 464, 88 N.W. 88 (1901); *Ex`parte Howell,* 34 Okla. Crim. App. 126, 245 P. 66 (1926). The language in *In re Losasso,* 15 Colo. 163, 24 P. 1080 (1890), also commands the interpretation which I would afford the Constitution.

Accordingly, I would discharge the rule.