**No. 26774**

**Samuel Gladney v. The District Court in and for the City and County of Denver, and the Honorable Zita L. Weinshienk, Judge thereof**

(536 P.2d 190)

Decided May 7, 1975.

Leland S. Huttner, P.C., Donald A. Brenner, for petitioner.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding upon the petition of Samuel Gladney, requesting that this court issue an order to the respondent district court to set bail in an action presently pending before that court. We issued a rule to show cause, and the matter is now at issue here. Defendant is charged with first-degree murder pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-3-102[1], and assault in the first degree pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-3-202[2]. The district attorney recommended denial of the petitioner's motion for bond. Following each of two hearings on the issue, the respondent court denied bail finding that "the evidence is very clear and convincing . . . [and that the] presumption is great [that the defendant was guilty of the offense charged.]" We affirm.

*Colo. Const. Art.* II, § 19 reads:

"All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great."

There was a preliminary hearing and later two bond hearings. It is apparent that, in reaching its decisions to deny bail, the court considered evidence given earlier at the preliminary hearing. No one has objected to this and, therefore, we assume for the purpose of this case that it was proper to do so. The evidence included the testimony of a witness to the shooting, who had been with the victim prior to, and at the time of, the incident resulting

---

[1] Now section 18-3-102, C.R.S. 1973.
[2] Now section 18-3-202, C.R.S. 1973.

in her death. He testified that the victim had told him among other things that the defendant was "after her," and further that she told him immediately prior to the shooting that the defendant had a gun and was going to kill her. The witness also testified that he saw the defendant raise his gun, and then turned to see the victim removing a gun from her purse. At the hearing, the witness stated that he did not know who shot first although in a statement made to police following the shooting, he stated that the defendant had shot first.

At the second bail hearing, the defendant and two eye witnesses testified that the deceased fired the first shot. Further, defendant testified that he fired two shots in self-defense.

The defendant challenges the court's finding that the proof was evident and the presumption great, contending that the evidence presented by the people was insufficient to sustain such a finding in view of the conflict in testimony. He further asserts that it was error to admit the hearsay testimony of the principal prosecution witness.

## I.

This court has held that the quoted constitutional provision confers an absolute right to bail in all cases, except for capital offenses, where the proof is evident and the presumption is great that the accused committed the crime. *Orona v. District Court,* 184 Colo. 55, 518 P.2d 839 (1974). It has further held that the burden is upon the prosecution to show that the constitutional exception to the right to bail is applicable; and only with that showing can the conditional freedom secured by bail properly be denied. *People ex rel Dunbar v. District Court,* 179 Colo. 304, 500 P.2d 358 (1972). In a bail hearing, guilt or innocence of the accused is not the issue.

"[T]he standard which the constitution requires before bail may be denied is greater than probable cause — though less than that required for a conviction." *Orona v. District Court, supra.*

In *State v. Konigsburg,* 33 N.J. 367, 164 A.2d 740, 89 A.L.R.2d 345 (1960), the Supreme Court of New Jersey, in applying a constitutional provision almost identical to ours stated that "bail should be denied when the circumstances disclosed indicate a fair likelihood that the defendant is in danger of a jury

verdict of first degree murder." *See also In re Steigler,* Del., 250 A.2d 379 (1969).

We cannot reverse the finding that the evidence in this case presented by the People met the burden cast upon them by our Constitution. The questions of who shot first, and of the existence of an affirmative defense, *i.e.,* self-defense, are questions of fact, which cannot be finally resolved at the bail hearing. The weight to be accorded the testimony of the witnesses, as well as questions of credibility are solely for the finder of fact, in this case, the court. The judge was free to believe or disbelieve the testimony of the witnesses. *See People v. King,* 181 Colo. 439, 510 P.2d 333 (1973).

## II.

The defendant asserts that it was error to admit the hearsay testimony of the victim's companion. The statements supported a conclusion that the defendant in advance had formed an intent to kill the deceased. We rule that in bail hearings, hearsay evidence is admissible. *See* Bail Reform Act of 1966, 18 U.S.C. § 3146(f), and Uniform Rules of Criminal Procedure (1974), 341(f).

We hold that *denial* of bail may not be predicated upon hearsay alone. There must be competent, direct evidence to support the denial. The hearsay evidence may be admitted in corroboration. We are moved to so hold because, except for the exception, a defendant has a constitutional right to bail in this state. A variance of that right should not be made lightly.

Here there was sufficient competent evidence to support a finding that the defendant raised his gun and pointed it at the deceased before she removed her gun from her purse. This in turn supports the finding that the proof was evident and the presumption great.

Rule discharged.