## No. 28069

**Richard F. Goodwin v. The District Court, in and for The Tenth Judicial District, State of Colorado, and the Honorable Richard Conour, Specially appointed as a District Judge in and for the Tenth Judicial District, State of Colorado**

(586 P.2d 2)

Decided August 28, 1978.

James H. Frasher, Jr., R. D. Jorgensen, for petitioner.

J. E. Losavio, Jr., District Attorney, Warren T. Marshall, Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Richard F. Goodwin, the petitioner, was denied bail in a capital case. He brought an original proceeding in the nature of mandamus in this court. We issued a rule to show cause to the respondent district court and now discharge the rule.

Petitioner is charged with the crimes of first-degree murder (Section 18-3-102, C.R.S. 1973 (1976 Supp.)) and conspiracy to commit first-degree murder (Section 18-2-201, C.R.S. 1973). Both crimes are capital offenses. Section 16-11-103, C.R.S. 1973 (1976 Supp.). The charges arise out of allegations that Goodwin hired Ralph Force to kill Tom Turcotte, the victim. Force has entered a plea of guilty to charges of murder and conspiracy to commit murder based on the same incident.

■ "All persons shall be bailable by sufficient sureties except for capital cases, when the proof is evident or the presumption great." *Colo. Const.*, Art. II, Sec. 19. This court has interpreted that mandate to mean that "when the proof is evident or the presumption great, denial of bail is mandatory." *People v. District Court,* 187 Colo. 164, 166, 529 P.2d 1335, 1336 (1974). Moreover, "bail should be denied when the circumstances disclosed indicate a fair likelihood that the defendant is in danger of a jury verdict of first degree murder." *Gladney v. District Court,* 188 Colo. 365, 369-70, 535 P.2d 190, 191 (1975). The People bear the burden of proving that the proof is evident and the presumption great. The fact that charges have been made that the offense allegedly committed by the defendant is a capital offense which meets the constitutional standard for denial of bail does not satisfy the prosecution's burden. *Shanks v. District Court,* 153 Colo. 332, 385 P.2d 990 (1963).

Petitioner has had two hearings before two different judges on his motions for release on bond. The sole question presented by this case is whether the record made at the first hearing, supplemented by that made at the second hearing, establishes that the proof is evident and the presumption great.

At the conclusion of the first hearing, the trial court found that the proof was evident and the presumption great that Goodwin would be convicted of a capital offense, and Goodwin's motion was, accordingly, denied. Force's testimony was an essential part of the evidence presented at that hearing. Goodwin renewed his motion before the respondent district court and alleged that he could present newly-discovered evidence of contradictory statements by Force. The trial judge sitting at the second hearing found that no evidence was presented by Goodwin on his renewed motion for bail that, when taken together with the evidence presented at the first hearing, altered or presented a basis to change findings which provided the constitutional foundation for the denial of bail.

■ If there is evidence in the record to support the findings of the trial judge, an appellate court must uphold those findings. "The weight to be accorded the testimony of the witnesses, as well as questions of credibility, are solely for the finder of fact — in this case, the court." The trial court is entrusted with the responsibility of judging the credibility of the witnesses. *Gladney v. District Court, supra.* No abuse of that discretion occurred in this case.

The petitioner's remaining contentions do not require discussion.

Rule discharged.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.