[No. 2495]

## IN THE MATTER OF THE APPLICATION OF JOE JAGLES AND W. E. VARNES FOR A WRIT OF HABEAS CORPUS.

[195 Pac. 808]

1. BAIL — MATTERS TO BE CONSIDERED IN DETERMINING AMOUNT ENUMERATED.

   The matters to be considered in determining a reasonable bail, requirement of excessive bail being inhibited by Const. art. 1, sec. 6, are that the object of bail is merely to assure the presence of accused for the trial, the nature of the offense charged, the penalty imposable, probability of accused's appearance, his pecuniary condition, character, and reputation, and the likelihood of conviction.

2. BAIL—$3,000 FIXED ON CHARGE FOR MANUFACTURING INTOXICATING LIQUORS HELD EXCESSIVE AND REDUCED TO $1,000.

   Bail of $3,000 for one charged with unlawfully manufacturing and keeping for sale intoxicating liquors, the maximum penalty for which is $1,000 fine and a year's imprisonment in jail, *held* excessive, and reduced to $1,000.

ORIGINAL PROCEEDING in habeas corpus by Joe Jagles and W. E. Varnes for reduction of bail. **Reduction of bail ordered.**

*J. G. Thompson* and *John D. Hoyt*, for Petitioners:

The amount of bail is clearly excessive. Ex Parte Creed, 149 S. W. 192; Ex Parte Fleming, 149 S. W. 195; Ex Parte Houghton, 97 Pac. 1021.

This court has decided that bail such as required in this case is sufficient upon a charge of grand larceny. Ex Parte Douglas, 25 Nev. 425.

Upon showing inability to raise amount, bail is reduced in prosecution for murder. Ex Parte Martin, 159 S. W. 1182. In a similar prosecution, bail was reduced because evidence circumstantial. Ex Parte Canna, 136 S. W. 60.

*L. B. Fowler*, Attorney-General, and *Frank T. Dunn*, District Attorney, for Respondent:

Excessive bail shall not be demanded; but to get an intelligent definition of excessive bail is practically impossible, because each case is surrounded by its own

peculiar circumstances. "The appellate court will not interfere to reduce bail unless it appears per se that the amount is excessive and disproportionate to the offense involved." 6 C. J. 991; Ex Parte Duncan, 54 Cal. 75; Ex Parte Ryan, 44 Cal. 555; In Re Williams, 82 Cal. 183.

· A larger bail than the maximum fine is not illegal. State v. Martinez, 11 La. Ann. 23; 5 Cyc. 90.

*Per Curiam:*

Petitioners having been charged by information in the district court of Nye County with a gross misdemeanor, in that they did, on or about January 14, 1921, unlawfully manufacture and keep for sale in said county certain intoxicating liquors, applied to that court to be released on bail pending trial. The court fixed the bond of each at $3,000. They contend that the bail is excessive, allege that they are unable to give it, and institute this original proceeding in habeas corpus to have it reduced.

1. The constitution provides (art. 1, sec. 6) that excessive bail shall not be required. In reaching a conclusion as to what is a reasonable bail, a court should consider that the object of bail is simply to assure the presence of the accused for trial; also, the nature of the offense charged, the penalty which may be inflicted, the probability of the appearance of the accused, his pecuniary condition, his character and reputation, and the circumstances surrounding the case relative to the likelihood of conviction. 6 C. J. 988.

2. For the offense charged, the maximum penalty which may be imposed upon conviction is a fine of $1,000 and confinement in the county jail not to exceed twelve months.

It appears that the sheriff of Nye County, on or about January 14, 1921, received information that Isaac Rankin, John Somerville, and others were operating a still in Fish Lake Valley. Procuring search warrants, he proceeded to the section mentioned and there found in

a cabin a still, nine barrels of fermenting liquor, several gallons of liquor which by test runs about 25 per cent alcohol by volume, a blue serge suit of clothes, and some toilet articles. No one was found in possession of the premises, but there were indications of a very recent occupation thereof. The next morning the officers visited another habitation in the section, where they found Rankin, Somerville, one Berry, and the petitioners. One of the petitioners claimed to be the owner of the suit of clothes, and the other of some of the toilet articles.

We do not deem it proper to discuss the various elements which enter into consideration in reaching a conclusion as to the order in the matter. To do so would be to anticipate the duty of the jury upon the trial, which would be highly improper. In fact, there is little that we can with propriety dwell upon, because of the possibility of its being distorted either for or against the defendants. There are those who deem it proper to fix the bonds of all persons charged with crime in a sum so great as to preclude its being given, but it was the obviation of such a consequence that prompted the provision in our constitution against excessive bail. In other words, the idea was that the punishment, if there is to be any, should follow the conviction, and not both precede and follow it, or be inflicted in spite of possible acquittal.

The conclusion which we have reached in this matter is in keeping with the action of other courts in similar cases. In Ex Parte Creed, 67 Tex. Cr. R. 173, 149 S. W. 192, it appears that three charges were filed against the petitioner for violating the prohibition law of Texas, the penalty being one to three years in the penitentiary on each charge. The court reduced the bond, fixing it at $500 in each case. See, also, Ex Parte Houghton, 1 Okl. Cr. 302, 97 Pac. 1021. This court in Ex Parte Douglas, 25 Nev. 425, on application for the reduction of bail in a case wherein petitioner was charged with a felony, in that he had stolen eighteen head of cattle, the penalty

for which was from one to fourteen years in the penitentiary, reduced the bond from $5,000 to $3,000.

At the conclusion of the oral argument herein, the court, after a conference, being of the opinion that the bail fixed by the district court was excessive, ordered that it be reduced to the sum of $1,000, and that petitioners be released upon bond in that amount.