In the Matter of the Application of EDWARD
TOCZYLOWSKI, for Writ of Habeas Corpus.

No. 3713

June 25, 1952.                    245 P.2d 1004.

*Frank R. Petersen,* of Reno, for Petitioner.

*Jack Streeter,* District Attorney, and *A. D. Jensen,*
Assistant District Attorney, of Washoe County, for
George W. Lothrop, Sheriff of Washoe County, Respondent.

**OPINION**

*Per Curiam:*

Petitioner alleges that he was arrested upon an information charging him with first-degree burglary in that he unlawfully, feloniously, etc., entered certain premises in the nighttime "with the intent then and there to commit a felony, to wit, murder;" that a preliminary examination was held in the justice court of Reno township and petitioner held to answer to the district court. Bail was fixed at $20,000, and motion for reduction thereof was denied. Petitioner was thereafter arraigned in the

Second judicial district court, bail again fixed at $20,000 and a reduction thereof again denied. The offense is punishable by imprisonment for not less than one nor more than fifteen years. Petitioner alleges that bail of $20,000 for the offense charged is per se unreasonable and excessive and violative of secs. 6 and 7 of article I of the state Constitution and under sec. 11108, N.C.L. 1929, whereunder bail in a case of such an offense is a matter of right and excessive bail may not be required.

This court has on several occasions indicated various elements to be considered in fixing bail. Ex Parte Jagles and Varnes, 44 Nev. 370, 195 P. 808; Ex Parte Malley, 50 Nev. 248, 256 P. 512, 53 A.L.R. 395; and the cases and texts therein cited. Petitioner has cited to us many cases in which, on habeas corpus, a court has ordered a reduction of bail. In these cases sundry records and proceedings were before the court whereunder it could consider the necessary elements and act accordingly. The present petition recites no facts other than those recited above, nor does it refer to any record whereunder this court might intelligently consider the several elements necessarily involved. Even if we determined that bail in the sum of $20,000 for the offense charged is per se excessive, we should have nothing to guide us in determining the amount in which bail should be fixed. It definitely appears that there was a preliminary hearing before the committing magistrate, that a motion for reduction of bail was presented to that magistrate, and a like motion submitted to the district court. These three proceedings must contain some record of the matters presented touching upon the elements to be considered by a court in determining proper bail, but they are not before us. Under the circumstances we cannot do otherwise than deny the petition, but without prejudice to the right of the petitioner again to present the matter with proper support.

The petition is denied without prejudice.