BENJAMIN DAVIS JONES, Jr., EDDIE LEE BAYMAN; APPELLANTS, *v.* SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 7303

May 14, 1973                    509 P.2d 824

*Seymour H. Patt,* of Reno, for Jones, and *Joseph Reynolds,* of Reno, for Bayman, for Appellants.

*Robert List,* Attorney General, Carson City, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

In a three count indictment returned by the Washoe County Grand Jury, appellants were charged with murder (NRS 200.-030), robbery (NRS 200.380) and burglary (NRS 205.060). This appeal[1] is from an order denying their pre-trial petition for habeas relief in the district court and their sole contention is,

---

[1] In Bayman v. Sheriff, 89 Nev. 86, 506 P.2d 1259 (1973), we affirmed a district court order denying habeas relief where the same parties challenged the grand jury indictment.

that since the decision in Furman v. Georgia, 408 U.S. 238 (1972), they are, as a matter of right, entitled to be admitted to bail.

The thrust of their argument is that only capital offenses were non-bailable and that since *Furman* proscribes the imposition of the death penalty, capital offenses no longer exist. We reject their contention.[2]

People v. Anderson, 493 P.2d 880 (Cal. 1972), decided several months before *Furman,* proscribed the imposition of the death penalty in California. The *Anderson* court, in considering the effect of its decision on the question of bail said: "[t]he underlying gravity of [capital] offenses endures and the determination of their gravity for the purpose of bail continues unaffected by this decision . . . we hold they remain as offenses for which bail should be denied . . . when the proof of guilt is evident or the presumption thereof great." 493 P.2d at 900. Cf. State v. Teeter, 65 Nev. 584, 200 P.2d 657 (1948). We adopt the California view and affirm the order of the trial court.

---

[2]We are aware that such argument has been accepted in two jurisdictions. See Ex Parte Contella, 485 S.W.2d 910 (Tex.Crim.App. 1972), and Edinger v. Metzger, 290 N.E.2d 577 (Ohio App. 1972). We also note that it has been rejected in several other jurisdictions. See State v. Flood, 269 So.2d 212 (La. 1972); Hudson v. McAdory, 268 So.2d 916 (Miss. 1972); Donaldson v. Sack, 265 So.2d 499 (Fla. 1972). See also, Commonwealth v. Truesdale, 296 A.2d 829 (Pa. 1972), which holds that bail may be denied under certain circumstances and State v. Johnson, 294 A.2d 245 (N.J. 1972), where the amount of bail may be increased in more serious cases. Cf. People ex rel. Dunbar v. District Court, 500 P.2d 358 (Colo. 1972).