250

IRWIN WILLIAM FISH, Appellant, v. SHERIFF
OF CLARK COUNTY, NEVADA, Respondent.

No. 7268

June 6, 1973                           510 P.2d 1370

*Anthony M. Earl* and *Earle W. White,* of Las Vegas, for
Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District
Attorney, and *Donald K. Wadsworth,* Deputy District Attor-
ney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

After the Clark County Grand Jury returned an indictment charging appellant with murder (NRS 200.010), he sought pretrial habeas and now appeals from the district court order denying that relief.

David Boyd Miller, the state's principal witness before the grand jury, was one of the participants in the charged offense. In return for a grant of immunity from prosecution Miller testified at length and established appellant as a perpetrator of the crime.

Another grand jury witness, Constance L. Baker, corroborated Miller's testimony. Appellant's primary contention on appeal is that she was an accomplice, thus, it was impermissible for the grand jury to utilize her testimony for the requisite corroboration to establish the probable cause to sustain the indictment. Appellant also urges an infringement of his constitutional rights because of the high amount of the bail setting. Both contentions are without merit.

1. An accomplice is defined as "[o]ne who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." NRS 175.291(2). To be considered an accomplice[1] Baker must have (1) committed the act constituting the offense and/or (2) aided or abetted in the commission of the act constituting the offense, and/or (3) directly or indirectly counseled, encouraged, hired, commanded, induced, or procured another to commit the offense. NRS 195.020.

The record in this case is totally devoid of any testimony or other evidence that would suggest or support an inference that Constance L. Baker performed any of the aforementioned activities that would make her amenable to prosecution for the offense charged. At most, the record indicates that Miss Baker may have known that Miller and others were going to perform

[1]See the majority opinion in Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971), for a detailed treatment and analysis of the law relating to accomplice testimony.

a "job" for appellant and that sometime after the completion of that "job" she may have become aware of its nature and consequences.

Quoting the trial court, "This court is not aware of any case law, and appellant has cited none, that would support the contention that criminal involvement can be inferred from a person's social association with those accused of committing a crime, coupled with that person's after acquired knowledge of the perpetration of the illegal act."

2. Bail was initially set at $200,000.00 cash or surety, or $400,000.00 property. At the habeas proceedings in the district court bail was reduced to $125,000.00 cash or surety, or $250,000.00 property. Appellant argues the amount of bail is so excessive as to effectively amount to no bail.

While we have long held that bail cannot be set in a prohibitory amount, it is not for the person charged with the crime to say when the amount is excessive. Ex Parte Malley, 50 Nev. 248, 253, 256 P. 512, 514 (1927). We very recently held that in cases such as this a denial of bail will not infringe constitutional rights "when the proof of guilt is evident or the presumption thereof great." Jones v. Sheriff, 89 Nev. 175, 509 P.2d 824 (1973). Under the circumstances of this case we conclude the amount of the bail is not disproportionate to the crime charged.

The order of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.