LOUIS ST. PIERRE, APPELLANT, v. SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 7743

July 26, 1974                    524 P.2d 1278

*Roger L. Wright,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Mills Lane,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

An indictment returned by the Washoe County Grand Jury charged appellant with first degree murder (NRS 200.030 (2)). This appeal is from a district court order denying his habeas corpus petition for bail and the sole contention is that since first degree murder is no longer denominated as a capital

offense, we are compelled to admit him to bail because of the provisions of Nev. Const., Art. 1, § 7.[1]

Historically, first degree murder was one of the capital offenses enumerated in the statutes and the offense was almost universally non-bailable, when the proof was evident or the presumption great.

In Furman v. Georgia, 408 U.S. 238 (1972), the Supreme Court of the United States effectively proscribed the death penalty under then existing statutory provisions and many jurisdictions were soon flooded with applications for bail from those charged with crimes previously denominated "capital offenses." Some jurisdictions resolved the issue in favor of those charged by concluding that the abolition of the death penalty eliminated capital offenses; therefore, all offenses became bailable. Eg: Ex Parte Contella, 485 S.W.2d 910 (Tex.Crim.App. 1972); Edinger v. Metzger, 290 N.E.2d 577 (Ohio App. 1972).

When the issue reached this court we declined to accept that view and adopted the *pre-Furman* rationale enunciated in People v. Anderson, 493 P.2d 880 (Cal. 1972), saying: "[t]he underlying gravity of [capital] offenses endures and the determination of their gravity for the purpose of bail continues unaffected by this decision . . . we hold they remain as offenses for which bail should be denied . . . when the proof of guilt is evident or the presumption thereof great." Jones v. Sheriff, 89 Nev. 175, 176, 509 P.2d 824 (1973).

In 1973, in line with at least 25 other states, our legislature specifically enumerated particular homicides as capital. See Stats. of Nev. 1973, ch. 798, § 5, p. 1803 (codified as a part of NRS 200.030).[2]

In exercising its prerogative to restructure capital offenses the legislature also amended the bail statute, NRS 178.484,

---

[1]Nev. Const., Art. 1, § 7 reads:

"BAIL; CAPITAL OFFENSES. All persons shall be bailable by sufficient sureties; *unless for Capital Offenses* when the proof is evident, or the presumption great." [Emphasis added.]

[2]NRS 200.030(1) reads:

"Capital murder is murder which is perpetrated by:

(a) Killing a peace officer or fireman:

(1) While such officer or fireman is acting in his official capacity or by reason of an act performed in his official capacity; and

(2) With knowledge that the victim is or was a peace officer or fireman. For purposes of this paragraph 'peace officer' means sheriffs of counties and their deputies, marshals and policemen of cities and towns, the chief and agents of the investigation and narcotics division of the department of law enforcement assistance, personnel of the Nevada

by including in its definition of capital offenses, *any murder* defined in NRS ch. 200.[3] See Stats. of Nev. 1973, ch. 798, § 2.5, pp. 1802–1803.

The thrust of appellant's argument is that NRS 178.484 (2)(b) is in conflict with the constitutional provision relating to bail.

The issue we must resolve is whether it is constitutionally permissible for the legislature to make a non-capital crime non-bailable after it has realigned capital offenses. We think not; otherwise, we would be saying that first degree murder [or any murder defined in NRS ch. 200] is a capital crime for purposes of bail, but is non-capital for purposes of punishment. Such construction is "untenable from a constitutional standpoint." State v. Pett, 92 N.W.2d 205, 206 (Minn. 1958).

The California Supreme Court recently . reevaluated the *Anderson* rationale in In re Boyle, 520 P.2d 723 (Cal. 1974), after the California legislature (1) enacted a procedural statute "forbidding bail in capital cases in which the proof is evident or the presumption great . . . and (2) delineated the class

---

highway patrol when exercising the police powers specified in NRS 481.150 and 481.180, and the warden, deputy warden, correctional officers and other employees of the Nevada state prison when carrying out any duties prescribed by the warden of the Nevada state prison.

(b) A person who is under sentence of life imprisonment without possibility of parole.

(c) Executing a contract to kill. For purposes of this paragraph 'contract to kill' means an agreement, with or without consideration, whereby one or more of the parties to the agreement commits murder. All parties to a contract to kill are guilty as principals.

(d) Use or detonation of a bomb or explosive device.

·(e) Killing more than one person as the result of a common plan, scheme or design."

[3]The applicable portion of NRS 178.484 now reads:

"RIGHT TO BAIL BEFORE CONVICTION; RELEASE WITHOUT BAIL.

1. A person arrested for an offense other than a capital offense as defined in subsection 2 shall be admitted to bail.

2. A person arrested for a capital offense may be admitted to bail unless the proof is evident or the presumption great by any competent court or magistrate authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense. *For the purposes of this subsection 'capital offense' means:*

(a) Capital murder as defined in NRS 200.030; or

(b) *Murder as defined in chapter 200 of NRS."* [Emphasis added.]

Other sections of NRS ch. 200 relate to non-capital homicides, including first degree murder.

of such cases by substantive provisions imposing the death penalty for specified offenses."

Mr. Justice Mosk, speaking for the California court, noted that the *Anderson* rationale [which we adopted in *Jones*] "was not intended to govern a situation in which the legislature acts to declare a new and different class of 'capital offenses,' yet that is the precise situation before us." *Boyle, supra.*

The legislative prerogative to implement the bail provisions of our Constitution does not encompass inclusion of a non-capital offense as non-bailable; accordingly, we hold § 2(b) of NRS 178.484 unconstitutional. Only those persons charged with the newly designated capital offenses may now be denied bail, "when the proof is evident, or the presumption great." Nev. Const., Art. 1, § 7.

We reverse the order of the district court and remand for the purpose of a hearing to set bail.

THOMPSON, C. J., and BATJER, J., concur.

GUNDERSON, J., with whom MOWBRAY, J., agrees, dissenting:

With due deference, I dissent.

In Jones v. Sheriff, 89 Nev. 175, 509 P.2d 824 (1973), this court held that notwithstanding the U.S. Supreme Court's decision in *Furman* v. *Georgia,* 408 U.S. 238 (1972), Nevada statutes declaring certain offenses "capital" would remain viable for purposes of defining which are "capital" within the meaning of the Nevada Constitution. Thus, any first degree murder under NRS ch. 200 remained nonbailable, if proof of guilt was evident or the presumption thereof great.

Both the Nevada Constitution and the U.S. Constitution remain now as when we decided Jones v. Sheriff. Accordingly, if Nevada law concerning what offenses are bailable has been altered, that seemingly only could have resulted from some legislative Act.

Yet, clearly our legislature has not intentionally removed any first degree murder from the nonbailable category. Quite the contrary, the legislature has expressly declared its intent that such murder shall remain "capital," within the meaning of our Constitution's bail provisions. Notwithstanding this, however, the majority hold the legislature has defeated its own clear intent, by enacting a statute endeavoring to impose the death penalty for some types of aggravated murder.

I had always understood that, where not unconstitutional,

manifest legislative intent should be given effect. Therefore I am unable to perceive why the legislature cannot constitutionally declare the death penalty for some types of aggravated murder, without involuntarily making all other types of murder bailable as a matter of right.