In the Matter of the Application of LEONARD KNAST,
for a Writ of Habeas Corpus, Petitioner.

No. 12576

July 21, 1980                                   614 P.2d 2

*Johnson, Belaustegui & Robison,* Reno, and *Puccinelli &
Puccinelli,* Elko, for Petitioner.

*Thomas L. Stringfield,* District Attorney, Elko County, for
Respondent.

## OPINION

*Per Curiam:*

By way of petition for a writ of habeas corpus, Leonard
Knast challenges the refusal of the district court to grant him
release on bail pending his trial on open murder charges. *See*
NRS 34.530. The state contended that aggravating circum-
stances which would justify imposition of the death penalty
were present under NRS 200.033(8). However, the district
court in denying bail held that it need not determine whether
the death penalty could be imposed in the case, but only
whether the proof were evident or the presumption great that
petitioner would be convicted of first degree murder. Because

598

of the substantial question presented concerning the interpretation of Nev. Const. art. 1, § 7, which provides for an absolute right to bail "unless for Capital Offenses when the proof is evident, or the presumption great," we ordered repondent to file an answer addressed to the question of whether the writ should issue.

Punishment should follow conviction, not precede it. Ex Parte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965). The right to bail is consonant with the presumption of innocence that attaches to all defendants prior to conviction. *Id*. Our constitution admits of but one exception to the right, a capital case where the proof is evident or the presumption great. Howard v. Sheriff, 83 Nev. 48, 422 P.2d 538 (1967); Ex Parte Wheeler, *supra,* State v. Teeter, 65 Nev. 584, 200 P.2d 657 (1948).

In St. Pierre v. Sheriff, 90 Nev. 282, 524 P.2d 1278 (1974), we held that one accused of first degree murder had an absolute right to bail because, at the time, death was not an available punishment for the crime. To hold to the contrary, we stated, "would be saying that first degree murder . . . is a capital crime for purposes of bail, but is non-capital for purposes of punishment." *Id*. at 285, 524 P.2d at 1279.

Subsequent to our decision in *St. Pierre,* the legislature amended the murder statutes. 1977 Nev. Stats. ch. 585, at 1541-6. In doing so, the legislature again made the death penalty an available punishment for first degree murder. However, the punishment may be inflicted only if at least one of the aggravating circumstances listed in NRS 200.033 is found. Thus, even if the proof is evident or the presumption great that petitioner has committed first degree murder, without an aggravating circumstance the case cannot be considered a capital one. Absent a finding that the proof is evident or the presumption great that such a circumstance is present, bail cannot be constitutionally denied.[1] The district court, in ruling to the contrary, erred.

---

[1] We note that at the time *St. Pierre* was decided, NRS 200.030 provided that murders committed under certain circumstances were "capital murder" for which the penalty was death. By the 1977 amendments, the legislature introduced a system of greater flexibility to be utilized when considering the death penalty. In accomplishing this objective, the legislature abolished the crime of "capital murder" and made first degree murder, when any aggravating circumstances were not outweighed by any mitigating circumstances, punishable by death. The same substantive result could have been reached had the legislature

Accordingly, we grant the writ of habeas corpus entitling petitioner to release upon the posting of reasonable bail in an amount to be set by the district court unless, upon reconsideration, the district court determines that bail can be denied because the proof is evident or the presumption great that the aggravating circumstances designated in NRS 200.033(8) were present.

retained the crime of "capital murder" and redefined it in terms of aggravating and mitigating circumstances. Had this been done, it is clear that without an aggravating circumstance, *St. Pierre* would require that petitioner be admitted to bail. We see no reason why what is essentially a matter of form should affect so substantial a right as the right to bail.