An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT LEON WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60886



FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from orders of the district court denying post-conviction petitions for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

<u>Post-conviction petition for a writ of habeas corpus (Judgment of Conviction)</u>

In his petition, filed on December 16, 2011, appellant raised several claims of ineffective assistance of trial counsel Terrance Jackson. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate (a) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted.  <u>See Luckett v. Warden</u>, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-07775

to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985); <u>Kirksey v. State</u>, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. <u>Strickland v. Washington</u>, 466 U.S. 668, 697 (1984).

First, appellant claimed counsel was ineffective for failing to file a motion to have the victim undergo a psychological evaluation. Appellant failed to demonstrate deficiency or prejudice. Appellant's initial counsel filed such a motion and was in the midst of litigating it when he withdrew and Jackson was appointed to replace him. Because the motion was still pending, Jackson was not unreasonable in not filing a new motion. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for failing to impeach the victim with her criminal record and prior false accusations of sexual assault. Appellant failed to demonstrate deficiency or prejudice. Because no evidentiary hearings were held between his appointment and appellant's guilty plea, counsel had no opportunity or need to impeach the victim. We therefore conclude that the district court did not err in denying this claim.

Third, appellant claimed counsel was ineffective for failing to reinstate appellant's bond. Appellant failed to demonstrate deficiency or prejudice. An attorney has no authority to reinstate a bond. Further, counsel successfully moved to have bail reset after appellant was taken back into custody. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant claimed counsel was ineffective because he had a conflict of interest and because he made appellant accept the State's plea offer. Appellant failed to demonstrate deficiency or prejudice because he failed to support these claims with specific facts that, if true, would have entitled him to relief. See Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that "bare" or "naked" claims are insufficient to grant relief). To the extent appellant claimed that counsel's failure to reinstate his bond forced appellant to accept the plea offer, his claim failed for the reasons stated above. We therefore conclude that the district court did not err in denying these claims.

Next, appellant raised two claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey, 112 Nev. at 998, 923 P.2d at 1114. Appellate counsel is not required to—and will be most effective when he does not—raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983), as limited by Smith v. Robbins, 528 U.S. 259, 288 (2000); Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697.

First, appellant claimed counsel was ineffective for failing to raise the bail-revocation issue. Appellant failed to demonstrate deficiency or prejudice. Because counsel successfully moved to have bail reset and appellant did not allege that he was denied presentence credit for the time

he was in custody after his bail was revoked, he failed to demonstrate a reasonable probability of a different outcome on appeal. See generally Application of Knast, 96 Nev. 597, 614 P.2d 2 (1980) (recognizing a right to have bail set); Anglin v. State, 90 Nev. 287, 292, 525 P.2d 34, 37 (1974) (holding that a defendant unable to post bail has a right to credit for time spent in county jail awaiting adjudication). We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for failing to argue that the district court violated the Confrontation Clause when it did not state its reasons for imposing the sentence it did. Appellant failed to demonstrate deficiency or prejudice. The Confrontation Clause does not apply to sentencing hearings. Summers v. State, 122 Nev. 1326, 1332-33, 148 P.3d 778, 782-83 (2006). Further, even if it did, it would not convey any right to hear a court's rationale for a sentence imposed. See U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right. . . to be confronted with the witnesses against him." (emphasis added)). Finally, appellant's claim was belied by the record because the district court did announce its reasons at a subsequent hearing on appellant's motion to reconsider the sentence. See Hargrove, 100 Nev. at 502-03, 686 P.2d at 225. We therefore conclude that the district court did not err in denying this claim.

Appellant also claimed that his guilty plea was invalid. Specifically, he claimed that the district court "might have suborned" actions of counsel and the State in revoking his bail to force the plea negotiations. A guilty plea is presumptively valid, and appellant carried the burden of establishing that the plea was not entered knowingly and

intelligently. <u>Bryant v. State</u>, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); <u>see also</u> <u>Hubbard v. State</u>, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). In determining the validity of a guilty plea, this court looks to the totality of the circumstances. <u>State v. Freese</u>, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); <u>Bryant</u>, 102 Nev. at 271, 721 P.2d at 367.

Appellant failed to demonstrate that his guilty plea was invalid. First, appellant did not state how simply being in custody could force his agreement to a plea offer. Second, appellant acknowledged in his guilty plea agreement and during his plea colloquy that he was entering his plea freely, voluntarily, and without threat or force. Finally, the district court revoked appellant's bail because appellant allegedly made death threats against the deputy district attorney prosecuting his case, and, although appellant denied threatening to kill anyone, he admitted that he said he would "hurt somebody." We therefore conclude that the district court did not err in denying this claim.

Finally, appellant claimed that the State had insufficient evidence to convict, that there was a conspiracy regarding his family court case, that he was denied the right to a fair trial and impartial jury, and that the district court judge was biased and engaged in misconduct. These claims were outside the scope of claims permissible in a post-conviction petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea. <u>See</u> NRS 34.810(1)(a). We therefore conclude that the district court did not err in denying his petition.

<u>Post-conviction petition for a writ of habeas corpus (credits)</u>

In his petition, filed on February 17, 2012, appellant challenged the computation of time he has served, claiming he was

entitled to additional statutory credits. Appellant failed to serve his petition on the officer by whom he was confined and on the Attorney General. NRS 34.730(2). We therefore conclude that the district court did not err in denying his petition without prejudice. Cf. Miles v. State, 120 Nev. 383, 387, 91 P.3d 588, 590 (2004).

For the foregoing reasons, we

ORDER the judgments of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Hon. Michelle Leavitt, District Judge
        Albert Leon Williams
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

_____

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.