An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN DELGADO PEREZ,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUG SMITH, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62744

FILED

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus or prohibition challenges the conduct of the district court in remanding petitioner to custody without bail for fifteen days and subsequently increasing petitioner's bail from $3,000 to $1,000,000. Petitioner contends that the district court manifestly abused its discretion by remanding him to custody and setting bail at an excessive amount in order to punish him for having an "attitude" during a court proceeding. We agree.

Petitioner was arrested for possession of narcotics with the intent to sell on January 31, 2010. The following day he posted bond in the standard amount of $3,000 and was released from custody. After petitioner was arraigned on the greater charge of trafficking in narcotics, petitioner's bond remained at the amount of $3,000. Neither the district attorney nor the justice court moved to increase the amount. See NRS 178.499. For the next two and one-half years petitioner consistently appeared in justice court with his attorney until he was bound over to the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10352

district court for trial. Petitioner later appeared in district court for the appointment of counsel after his retained attorney withdrew from representation. After petitioner thanked the district court for appointing new counsel, the district court informed the petitioner, "You're remanded. Thank you. An attitude like that, you can sit in jail." Petitioner remained in jail for fifteen days without bail. Upon petitioner's motion for setting of reasonable bail, the district court reiterated that petitioner had a "terrible attitude in court." Petitioner apologized. The district court then denied petitioner's request for bail citing his prior narcotics-related convictions, failure to appear in court twelve years earlier in a different case, and prior use of multiple social security numbers and aliases. After petitioner's court appointed public defender made a second request for bail to be set, the district court set bail at $1,000,000. At a subsequent hearing to stay the proceedings so that the petitioner could file this petition, the district court instructed petitioner's counsel to make sure to inform this court about petitioner's "attitude" in district court.

The Nevada Constitution guarantees the people of Nevada the right to bail in non-capital offenses and prohibits the district court from imposing excessive bail. See Nev. Const. art. 1, §§ 6 and 7; see also NRS 178.484(1) ("[A] person arrested for an offense other than murder of the first degree must be admitted to bail." (emphasis added)); St. Pierre v. Sheriff, 90 Nev. 282, 286, 524 P.2d 1278, 1280 (1974) ("[O]ur Constitution does not encompass inclusion of a non-capital offense as non-bailable."). "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." Stack v. Boyle, 342 U.S. 1, 4 (1951). In deciding a reasonable amount for bail the district court may consider "the

nature of the offense charged, the penalty which may be inflicted, the probability of the appearance of the accused, his pecuniary condition, his character and reputation, and the circumstances surrounding the case relative to the likelihood of conviction." Ex parte Jagles and Varnes, 44 Nev. 370, 195 P. 808 (1921); see also NRS 178.498; NRS 178.4853. However, "[b]ail must not be . . . more than the accused can reasonably be expected under the circumstances to give, for if so it is substantially a denial of bail." Ex parte Malley, 50 Nev. 248, 253, 256 P. 512, 514 (1927).

Our review of the record reveals that the district court violated the Nevada Constitution in two ways. It denied the petitioner bail for fifteen days and then imposed a bail amount which greatly exceeded the amount the petitioner could reasonably be expected to pay. As the real party in interest notes in its answering brief, the district court imposed a bail amount that was fifty times greater than the Clark County standard bail schedule for category B felonies. In light of the district court's failure to consider all of the relevant factors, see NRS 178.498, its stated reason for remanding petitioner to custody, petitioner's indigent status, and the amount of bail, we can only conclude that the district court was attempting to punish petitioner for his attitude without utilizing the procedures provided for in Nevada law. See NRS 22.030(1) (explaining when a person may be punished summarily for contempt); NRS 22.010 (defining contempt). For these reasons, we conclude that the district court manifestly abused its discretion by remanding petitioner to custody without bail for fifteen days and imposing excessive bail. See State v. Dist. Ct. (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 779-80 (2011) (discussing when a writ of mandamus will issue). We therefore

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order setting bail at $1,000,000, set bail at the original amount imposed by the justice court, and recuse itself from presiding over this matter.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Chief Judge, Eighth Judicial District
       Hon. Doug Smith, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]The State is free to file a motion to increase bail, if warranted. See NRS 178.499 (requiring good cause).