FRANK A. JEFFERSON v. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record No. 7731.

Present, All the Justices.

*John M. McCarthy* (*White, Cabell, Paris & Lowenstein*, on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

At the trial of defendant Frank A. Jefferson for a felony, his counsel moved the court to exclude the witnesses. Over defense counsel's objection, the court permitted a detective, who was the chief investigating officer in the case, to remain in the courtroom and to testify after hearing the testimony of other witnesses for the Commonwealth. Jefferson appeals his conviction, assigning error to the court's refusal to exclude the detective and relying on the following statute enacted in 1966:

"§ 8-211.1. *Exclusion of witnesses in civil and criminal cases.*— In the trial of every case, civil or criminal, the court, whether a court of record or a court not of record, may upon its own motion and shall upon the motion of any party, require the exclusion of

every witness whose presence is not necessary to the proceedings; provided, that in every civil case, each named party who is an individual and one officer or agent of each party which is a corporation or association shall be exempt from the rule of this section as a matter of right; and provided, further, that in every criminal case, each defendant who is an individual and one officer or agent of each defendant which is a corporation or association shall be exempt from the rule of this section as a matter of right."

Code § 19.1-246, enacted in 1960, permits a court in its discretion to exclude witnesses "whose presence is not deemed necessary". Although § 19.1-246 has not been expressly repealed, defense counsel contends it has been superseded by § 8-211.1.

In refusing to exclude the detective in this case, the trial court referred to its practice of permitting the chief investigating officer to remain in the courtroom throughout a trial. The Commonwealth urges that the court did not err because Code § 19.1-246 does not contemplate the exclusion of a witness who must assist the Commonwealth's Attorney in the presentation of the Commonwealth's case.

Defense counsel argues that the trial court violated the clear mandate of § 8-211.1. He suggests that to qualify as a witness whose presence is necessary to the proceedings, within the meaning of § 8-211.1, a witness must be able to testify effectively *only* if he remains in court during the testimony of another witness or other witnesses. Defense counsel says that an expert witness (for example) may be a witness whose presence is necessary to the proceedings, "where the outcome of the trial will depend largely upon the resolution of technical matters which are within the peculiar purview of his discipline".

It may be that the Commonwealth's interpretation of § 8-211.1 would contravene the legislative intent by unduly relaxing the mandatory requirements of that section. But it is equally probable that defense counsel's interpretation would thwart the legislative intent by applying too strictly the mandatory requirements of that section. In any event, we can only speculate about the intent of § 8-211.1, insofar as it requires the exclusion of each witness "whose presence is not necessary to the proceedings". We must therefore hold void for indefiniteness so much of § 8-211.1 as requires the exclusion of such witnesses.

*Affirmed.*