## Richmond

JOHN LESTER YORKE, JR. v. COMMONWEALTH OF VIRGINIA.

April 24, 1972.

Record No. 7840.

Present, All the Justices.

*William G. Beninghove,* for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

John Lester Yorke, Jr. (Yorke or defendant) was found guilty of a violation of Code § 18.1-236 (indecent exposure) by a jury on conflicting evidence. The trial court sentenced him in accordance with the jury's verdict.

When we view the evidence, as we must, in the light most favorable to the Commonwealth, it is sufficient to sustain the conviction.

After his arraignment Yorke made a motion that the witnesses be excluded. The trial court granted the motion. The Common-

wealth's attorney then designated the two complaining witnesses "as the Commonwealth's witnesses at counsel table."

Yorke then moved that one of the complaining witnesses be excluded. The trial court denied this motion and Yorke excepted.

The better practice, and the one which we commend to our trial courts, is to grant such a motion when it is seasonably made in good faith in the absence of some showing of a good reason for its denial.

But neither the accused nor the Commonwealth, as a matter of right, is entitled to have the witnesses separated as this is a matter within the sound discretion of the court, subject to review and reversal upon a showing of abuse of discretion or prejudice resulting therefrom. Code § 19.1-246; *Near* v. *Commonwealth*, 202 Va. 20, 30, 116 S.E.2d 85, 92 (1960); *Huffman* v. *Commonwealth*, 185 Va. 524, 531, 39 S.E.2d 291, 295 (1946). *See Jefferson* v. *Commonwealth*, 212 Va. 255, 183 S.E.2d 734 (1971).

While the trial court did not follow the better practice here, we fail to find an abuse of discretion and there is no showing of prejudice to the defendant in the record.

*Affirmed.*