## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

EVERETT EVANS, SR. V. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730749.

Present, All the Justices.

*Thomas V. Warren* (*Wilson & Warren*, on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The trial court entered judgment on the jury's verdict finding Everett Evans, Sr., guilty of attempted murder of the first degree and fixing punishment at nine years in the penitentiary. Evans challenges the instruction which told the jury that the offense is punishable "by confinement in the penitentiary for not less than one (1) nor more than twenty (20) years."

Code § 18.1-16 (Repl. Vol. 1960) provides in part:

"Every person who attempts to commit *an offense which is punishable with death,* shall be confined in the penitentiary not less than one nor more than twenty years . . . ." (Emphasis supplied).

Code § 18.1-17 (Repl. Vol. 1960) provides:

"Every person who attempts to commit *an offense which is a noncapital felony* shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the jury or the court trying the case without a jury, may be confined in jail not exceeding twelve months and fined not exceeding one thousand dollars, either or both." (Emphasis supplied).

Following the mandate of *Furman* v. *Georgia*, 408 U.S. 238 (1972), we held that, insofar as it authorizes discretionary imposition of the death penalty, Code § 18.1-22 (Repl. Vol. 1960) is unconstitutional. *Huggins* v. *Commonwealth*, 213 Va. 327, 191 S.E.2d 734 (1972). Evans argues that since murder of the first degree is no longer "an offense which is punishable with death", Code § 18.1-16 is inoperative and the penalty for attempted murder of the first degree is now the penalty prescribed by Code § 18.1-17; and that the erroneous instruction was plainly prejudicial, because the jury indicated by their verdict that they felt the penalty should be substantially less than any authorized maximum.

We hold that the instruction was not erroneous.

No case directly in point has been cited to us, and we have found none. We look to decisions in analogous cases in other jurisdictions. State statutes denying bail for capital offenses have been upheld against *Furman* challenges. *People* v. *District Court*, 179 Colo. 304, 500 P.2d 358 (1972); *State* v. *Flood*, 263 La. 700, 269 So.2d 212 (1972); *Hudson* v. *McAdory*, 268 So.2d 916 (Miss. 1972). *But see, State* v. *Johnson*, 61 N.J. 351, 294 A.2d 245 (1972); *Commonwealth* v. *Truesdale*, 449 Pa. 325, 296 A.2d 829 (1972); *Ex parte Contella*, 485 S.W.2d 910 (Tex. Crim. App. 1972).

*Furman* has been held not to invalidate a state law requiring unanimous jury verdicts in capital cases, *State* v. *Holmes*, 263 La. 685, 269 So.2d 207 (1972), or a federal statute requiring appointment of two counsel for an indigent indicted for a capital crime, *United States* v. *Watson*, 484 F.2d 34 (1973).

Classification and gradation of criminal offenses is a legislative prerogative. The language the General Assembly chose to implement classification and gradation decisions, while not semantically uniform, leaves no doubt about legislative intent.[1] The legislature classified

---

[1] The use of the phrase "an offense which is a noncapital felony" in Code § 18.1-17, shows that the General Assembly intended the phrase "an offense which is punishable

murder as a felony and graded murder of the first degree as a felony deserving the maximum penalty. By the penalty it fixed, it graded an attempt to commit such a felony at a level higher than attempts to commit lower-graded felonies. We believe the General Assembly intended the phrase "an offense which is punishable with death" to incorporate by reference in Code § 18.1-16 the substantive offenses to which the highest attempt penalty would attach. We perceive no intent to make the attempt penalty dependent upon the existence or non-existence of the penalty attached to the substantive offenses incorporated by reference.

We find no error in the trial court's instruction and the judgment is

*Affirmed.*

---

with death" used in the preceding statute to be synonomous with "capital offense" or the highest-graded offense. On oral argument, Evans conceded that there is no substantive difference.