OPINION

Johnny TOLLESON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48897.

Court of Criminal Appeals of Texas.

Jan. 22, 1975.

Jack K. Smith, Corsicana, for appellant.

Jimmy Morris, Dist. Atty., Corsicana, Jim D. Vollers, State's Atty., Austin, for the State.

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by firearms. Punishment was assessed at life imprisonment.

Lois Bell, a drive-in teller at the Corsicana National Bank, testified that appellant drove his car into the drive-in window of the bank, brandished a gun and told her to fill a paper bag with money. She complied with the order. Appellant's confession was introduced into evidence.

The sufficiency of the evidence is not challenged.

Appellant complains that the trial court erred in enhancing punishment under Article 64, Vernon's Ann.P.C. The indictment alleged that appellant had been convicted of the prior offense of robbery by firearms. The prior capital conviction was proved. The court assessed punishment at life imprisonment under Article 64, supra, which provides:

"A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

Appellant contends that Article 64 cannot be used to enhance punishment because the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), held that the death penalty can no longer be imposed. The Supreme Court of the United States did not invalidate Article 64. Even though the death penalty could not be assessed after the decision in Furman, that part of the statute which provides for the punishment of life was not affected. The Supreme Court made only one of the previously authorized penalties inoperative.

We hold that the trial court did not err in utilizing the "alternate" and remaining punishment in the statute.

Recently in Stein v. State, 515 S.W.2d 104 (Tex.Cr.App.1974), the penalty provision for willfully fleeing from a police officer, Article 6701d, Section 186(a), Vertional because the caption of the Act creatnon's Ann.Civ.St., was held unconstituing the offense did not give sufficient notice of such provision. The rest of the Act was not affected, and the case was remanded for the assessment of the proper punishment under the general punishment provision, Section 143 of Article 6701d, supra. Stein, although not directly in point, is analogous to the present case.

After the decision of the Supreme Court prohibiting the use of state statutes which provided for the death penalty, the Governor of Texas commuted such penalties to life in many cases. This Court upheld the action of the Governor with one judge dissenting in Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.1972). See Short v. State, 511 S.W.2d 288 (Tex.Cr.App.1974). There was no alternate punishment provided for in those cases. The question of the Governor's authority to commute such sentences is not involved here because the Legislature provided for the punishment of life which was assessed. However, it would be an unusual result to hold that the provision for the punishment of life set by the Legislature could not be used while the decisions that the Governor could commute an extreme penalty to that of life are still controlling.[1]

The other complaints that the court erred in admitting appellant's confession and the microfilm records of the bank into evidence and that the court commented on the weight of the evidence do not reflect reversible error.

No reversible error has been shown. The judgment is affirmed.

[1]. For other cases discussing the effect of Furman v. Georgia, supra, see Evans v. Commonwealth, 214 Va. 694, 204 S.E.2d 413 (1974) ; United States v. Watson, 496 F.2d 1125 (4th Cir. 1973) ; State v. Holmes, 263 La. 685, 269 So.2d 207 (1972) ; People v. Anderson, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972) ; People v. District Court, 500 P.2d 358 (Sup.Ct.Colo.1972). See also State v. Johnson, 61 N.J. 351, 294 A.2d 245 (1972) ; Donaldson v. Sack, 265 So.2d 499 (Sup.Ct.Fla.1972).