## Richmond

### JOHN MARTIN V. COMMONWEALTH OF VIRGINIA.

April 22, 1977.

Record No. 760845.

Present, All the Justices.

*R. Randolph Willoughby*, for plaintiff in error.

*Alan Katz, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

John Martin, defendant, was charged in two separate indictments with attempted murder of G. W. Jones and R. L. Shetley. Defendant was tried by a jury and was found guilty on both indictments. His punishment was fixed at 10 years imprisonment on each conviction. Judgment was entered on the verdicts.

Defendant contends that the trial court erred in allowing a police investigator to testify after the court had granted a motion to exclude all witnesses, in granting and refusing certain instructions, and in refusing to order a presentence report.

On the night of July 31, 1976, police officers Jones and Shetley arrived at defendant's house trailer in response to a call made by his wife. Defendant was intoxicated and threatened to kill the officers unless they left his premises. Later, while the officers were talking with defendant's wife and James E. Raines, two shots were fired from the vicinity of the trailer. One hit the police car. An hour and one-half later, another policeman, Investigator Cahill, entered the trailer, but did not find defendant. Defendant was later found approximately one mile from the trailer. Cahill found a handgun case and several rounds of 9 millimeter cartridges on the bedroom floor of the trailer. Raines testified that defendant owned a 9 millimeter gun, but no gun was found.

■ At the beginning of the trial, defendant moved to have all witnesses excluded. All the witnesses were excluded except Investigator Cahill, who was allowed to remain to aid in presenting the case. The Attorney for the Commonwealth indicated Cahill would not be called as a witness, and the objection to Cahill's presence was overruled. However, after four witnesses had testified for the Commonwealth, Cahill took the stand. Defendant's renewed objection was overruled.

In *Johnson* v. *Commonwealth*, 217 Va. 682, 232 S.E.2d 741 (1977), decided after trial of the present case, we considered the effect of an amendment to Code § 8-211.1 * adopted by the General Assembly effective June 1, 1975. Acts 1975, c. 652. There we held the amended statute gave the accused an absolute right to have all witnesses excluded from the courtroom during his trial. Hence, failure to exclude Cahill was reversible error.

■ The defendant also assigns as error the granting and refusing of certain jury instructions. Granted Instructions one through five defined murder in the first and second degrees,

---

* Section 8-211.1 now reads:

"In the trial of every case, civil or criminal, the court, whether a court of record or a court not of record, may upon its own motion and shall upon the motion of any party, require the exclusion of every witness; provided, that in every civil case, each named party who is an individual and one officer or agent of each party which is a corporation or association shall be exempt from the rule of this section as a matter of right; and provided, further, that in every criminal case, each defendant who is an individual and one officer or agent of each defendant which is a corporation or association shall be exempt from the rule of this section as a matter of right."

permitted the jury to find defendant guilty of attempted murder in either the first or second degree, and set forth the punishment for either offense. Defendant argues that these instructions were confusing and prejudicial because in Virginia there are no "specific offenses for varying *degrees* of attempted murder." We do not agree. Even though there are no specific statutory provisions which establish the degrees of attempted murder, the statutes set forth the punishment for attempts to commit non-capital offenses. *See Evans* v. *Commonwealth,* 214 Va. 694, 204 S.E.2d 413 (1974); Code §§ 18.2-25, 18.2-26 and 18.2-10. Therefore, the instructions were correct statements of the law.

We likewise reject defendant's argument that Instruction seven, which provided that malice may be implied from the use of a deadly weapon, was without evidence to support it; the instruction was fully warranted by the evidence.

Defendant's objection to granted Instruction nine is without merit. The instruction was amended by the trial court to meet defendant's objection, and no further objection was voiced by defendant.

Finally, the defendant objected to the court's refusal to grant Instruction H, which would have told the jury that the conviction of the defendant could not rest upon the uncorroborated testimony of the witness, Raines. The instruction was properly refused. Corroboration of Raines' testimony was not necessary. *See Robinson* v. *Commonwealth,* 186 Va. 992, 994-95, 45 S.E.2d 162-163 (1947).

The case must be reversed and remanded for a new trial because Investigator Cahill was permitted to testify after defendant had moved to exclude all witnesses. Because the conviction must be set aside, we do not reach the question of the applicability of Code § 19.2-299, which deals with requirements for a presentence report. We note, however, that we recently addressed this precise point in *Smith* v. *Commonwealth,* 217 Va. 329, 228 S.E.2d 557 (1976), decided after trial of the present case.

For the reasons stated, the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*