COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


HUGH KEVIN WOODDELL

                                    MEMORANDUM OPINION* BY
v.    Record No. 2241-00-3      JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BATH COUNTY
                  Duncan M. Byrd, Jr., Judge

         Marvin D. Miller for appellant.

         Susan M. Harris, Assistant Attorney General
         (Randolph A. Beales, Attorney General, on
         brief), for appellee.


     A jury convicted Hugh Kevin Wooddell of discharging a

firearm into an occupied building and possessing a firearm after

being convicted of a felony.  On appeal, he contends the trial

court erred in permitting a witness to remain in the courtroom

during trial and the Commonwealth failed to provide exculpatory

evidence.  For the following reasons, we affirm.

     Andrea Rockett was home with her daughter and boyfriend,

Russell Drew Chesnut, when the defendant arrived around

midnight.  Rockett met the defendant at the back door and

observed him exit his truck, take a drink of beer, and grab two

───────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

bags.  The defendant came onto the porch, pulled out a rifle, and fired it before entering the house.

Rockett testified the defendant walked down the hallway and fired another shot as Chesnut approached.  The defendant said, "I come here to kill you, Rusty" and fired a third shot.  Rockett slammed the door to the bedroom, ran out the back door with her daughter, and called 911 from her mother's house.

Chesnut was in the living room when he heard a gunshot from the rear of the house.  He stepped into the hallway and came face to face with the defendant who said, "Get out of my face."  Chesnut asked, "Kevin, what is wrong with you?"  The defendant replied, "I come here to kill you, Rusty," and fired a shot that just missed Chesnut's head.  Chesnut jumped back and tried to convince the defendant to drop the gun.  The defendant fired another shot.  Chesnut knocked the defendant to the ground and ran to Rockett's mother's house.

The defendant testified that when he entered the house, Chesnut pointed a gun at him and told him to leave.  The defendant walked up to Chesnut and said, "You ain't man enough to use it."  They struggled over the gun, and it fired.  The defendant admitted he had three or four prior felony convictions.

Before trial, the defendant moved to exclude Chesnut from the courtroom.  The defendant objected to Chesnut

> staying in the courtroom . . . because . . .
> that section of the code says that the Court
> can do it unless his staying in the
> courtroom would prejudice the trial or the
> defendant . . . .  I think the sole purpose
> for him to remain in the courtroom is to
> hear Ms. Rockett's testimony so that their
> testimony is similar.
>          . . .   I think that the defendant will
> be prejudiced, simply by Mr. Chesnut being
> able to hear Ms. Rockett's testimony and
> then testifying.

From this argument, and the Commonwealth's referral to "2985.01 [sic] of the code section," it is implicit that the parties were referring to Code § 19.2-265.01.[1]

The trial court denied the defendant's motion and permitted Chesnut to remain in the courtroom during Rockett's testimony. Noting that "victim's rights . . . [have] been in the forefront for the past few years," the trial judge ruled that the "victim ought to be allowed to stay in the room unless . . . [his presence] will 'substantially' impair the defendant's right to a fair trial.  And I don't see any evidence that that would be the case."

On appeal, the defendant contends the trial court erred in failing to exclude Chesnut from the courtroom pursuant to Code

---

[1] At the time of the defendant's trial, Code § 19.2-265.01, entitled "Victims, certain members of the family and support persons not to be excluded," provided in relevant part that "[d]uring the trial of every criminal case . . . any victim as defined in § 19.2-11.01 may remain in the courtroom and shall not be excluded unless the court determines, in its discretion, the presence of the victim would <u>substantially</u> impair the conduct of a fair trial."  (Emphasis indicates word deleted during 2000 amendment).

§ 19.2-265.1.[2] He argues the statute requires the exclusion of all witnesses, including victim witnesses, and that the victims' rights statute, Code § 19.2-265.01, is inapplicable. This argument is different from, and actually conflicts with, the argument he raised at trial: that Chesnut should be excluded under Code § 19.2-265.01, the victims' rights statute, because his presence would impair the trial. Nothing in the defendant's argument at trial indicated that he thought the general statute, Code § 19.2-265.1, controlled rather than the specific statute, Code § 19.2-265.01, dealing with victims.

"[T]hough taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." West Alexandria Prop., Inc. v. First Virginia Mort., 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) (citations omitted). We will not consider an argument on appeal which was not presented to the trial court. Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (issue not preserved where defendant gave different reason to support Batson claim on brief than at trial). Accordingly, this issue is procedurally barred.

---

[2] Code § 19.2-265.1, entitled "Exclusion of witnesses," provides in pertinent part that "[i]n the trial of every criminal case, the court . . . shall upon the motion of either [party] . . . require the exclusion of every witness to be called . . . ."

Next, the defendant contends the Commonwealth failed to provide exculpatory evidence and violated the Rules of Professional Conduct. At his sentencing hearing, the defendant requested a continuance in order to obtain evidence from California regarding the possibility that Chesnut was "on parole and absconded from California." Defense counsel argued this information could have affected Chesnut's credibility at trial.[3] The Commonwealth objected because the allegations were based on hearsay, the jury was aware Chesnut was a felon, and a possible parole violation would not have been admissible.

At the hearing on the defendant's motion for a new trial, the trial court permitted defense counsel to proffer that Chesnut was convicted of selling methamphetamine on December 23, 1998 and that, as of January 16, 1999, he "was on suspended status of parole, which means that he had violated his parole, and he was a fugitive" from California.

The thrust of the defendant's argument is that Chesnut violated parole and the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963), by not revealing this. The jury was aware Chesnut was a convicted felon. No evidence presented or proffered substantiates the defendant's allegation that Chesnut violated parole. The trial court did not accept the defendant's contention that a factual basis existed to support his motion.

---

[3] The defendant was acquitted of the attempted murder of Chesnut and the related firearm offense.

- 5 -

Moreover, Chesnut's fugitive status, if proven, would not have been admissible.  Ramdass v. Commonwealth, 246 Va. 413, 423, 437 S.E.2d 566, 572 (1993) (unadjudicated offenses are inadmissible to impeach a witness), vacated on other grounds and remanded, 512 U.S. 1217 (1994), aff'd after remand, 530 U.S. 156 (2000); Newton v. Commonwealth, 29 Va. App. 433, 449-50, 512 S.E.2d 846, 854, cert. denied, 528 U.S. 1025 (1999) (same). Evidence that is not admissible at trial cannot violate Brady because there is no "reasonable probability" that its disclosure would have affected the trial.  Wood v. Bartholomew, 516 U.S. 1, 5-6 (1995) (no Brady violation for failure to disclose polygraph tests which are inadmissible under state law).

Accordingly, the defendant's convictions are affirmed.

Affirmed.

Benton, J., dissenting.

After the jury was sworn, the prosecutor made a motion to exclude witnesses, but asked that Russell Chesnut be allowed to stay in the courtroom.  Hugh Wooddell's attorney responded, "I have an objection to that, your Honor, I'd like to put on the record."  Before considering the objection, the trial judge informed the witnesses as follows:

> The Court is invoking a normal procedure that requires that the witnesses be excluded except when they are testifying, and the purpose of that rule is so one person's testimony won't affect the testimony of another.  And so, while you are excluded, I would admonish you not to discuss your testimony among yourselves until after the case is over.  So if you will go outside the courtroom, we will call you when we need to hear from you.  Mr. Chesnut can stay at this point.

When the judge finished instructing the jury, the judge invited Wooddell's attorney "to put something on record with respect to the Commonwealth's motion to allow the victim --."  Wooddell's attorney then addressed the statute concerning victims so as to inform the judge that Chesnut should be excluded under it.  He argued as follows:

> I want to object to this victim staying in the courtroom, simply because, Judge, that section of the code says that the Court can do it unless his staying in the courtroom would prejudice the trial or the defendant in some case.  There are only two -- three witnesses as to what happened that day:  Mr. Chesnut, Ms. Rockett, and Mr. Wooddell.  This is not a case where Mr. Chesnut was wounded, or seriously hurt, or

- 7 -

was the victim of a rape, as that section of
statute is used mostly, and I think the sole
purpose for him to remain in the courtroom
is to hear Ms. Rockett's testimony so that
their testimony is similar.

I did record the preliminary hearing and
their testimony was not exactly the same.
And I think that the defendant will be
prejudiced, simply by Mr. Chesnut being able
to hear Ms. Rockett's testimony and then
testifying.

In support of his request that the judge not exclude

Chesnut from the courtroom, the prosecutor responded as follows:

Judge, I think under 2985.01 [sic] of the
code section, the only reason for keeping
Mr. Chesnut out is, as I read items in the
code, is if it would cause some kind of a
disruption in the courtroom.  But
clearly--that's a fairly new statute, and it
is clearly aimed to allow victims of serious
crime to be present during the testimony.
Now, I agree if there should be altercation
there -- something that causes a
disturbance, perhaps, he should be excluded,
but there is no indication of that, and he
will not cause a disruption.  I think he's a
victim under that statute.  That's exactly
what it is designed to allow.  So often we
have our victims in these cases who are just
stuck off in a room, and they don't know
what is going on, and they are the reason
that we're here in the first place.

The trial judge then overruled Wooddell's objection.

On appeal, Wooddell argues that the trial judge erred in

refusing to exclude Chesnut as required by Code § 19.2-265.1.

The Commonwealth contends, however, that Wooddell failed to

preserve this objection because at trial he only addressed Code

§ 19.2-265.01.  I would hold that Wooddell's attorney

- 8 -

sufficiently objected to the trial judge's refusal to exclude Chesnut from the courtroom, that his appeal of this issue is not barred by Rule 5A:18, and that the trial judge erred in overruling Wooddell's objection.

"The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials." Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992). The objection made by Wooddell's attorney was sufficient to raise the issue whether Chesnut's testimony should have been excluded under either Code § 19.2-265.1 or Code § 19.2-265.01. The matter of excluding witnesses under Code § 19.2-265.1 was initially raised by the prosecutor's motion to exclude all the witnesses except Chesnut. Wooddell's attorney objected. Moreover, the record clearly reflects that the trial judge understood what was at issue and the long standing rule embodied in Code § 19.2-265.1 because he informed the witnesses about the "normal procedure" of excluding witnesses from the courtroom. When the trial judge asked Wooddell's attorney to state his objection for the record regarding the presence of the "victim" in the courtroom, Wooddell's attorney properly responded and argued why Chesnut also should have been excluded under Code § 19.2-265.01. I

- 9 -

would hold that, based on the statements in the record, it is apparent that the judge considered both statutes and refused to exclude Chesnut from the courtroom.

Since at least 1960, Virginia has had statutes requiring exclusion of witnesses in both civil and criminal cases upon motion of counsel.  Cf. e.g. Code § 8-211.1 (repealed 1977) ("In the trial of every case, civil or criminal, the Court . . . shall upon the motion of any party, require the exclusion of every witness whose presence is not necessary to the proceeding.").  The current statute contains the following mandatory directive:

> In the trial of every criminal case, the court, whether a court of record or a court not of record, may upon its own motion and shall upon the motion of either the attorney for the Commonwealth or any defendant, require the exclusion of every witness to be called including, but not limited to, police officers or other investigators; however, each defendant who is an individual and one officer or agent of each defendant which is a corporation or association shall be exempt from the rule of this section as a matter of right.

Code § 19.2-265.1 (emphasis added).  Moreover, the Supreme Court has held that the statute makes "a defendant's right [to exclude witnesses] absolute."  Johnson v. Commonwealth, 217 Va. 682, 683, 232 S.E.2d 741, 742 (1977).  Today, a motion to exclude witnesses is so routine and commonplace that to require recitation of the statute is to elevate form over substance.

- 10 -

Wooddell's attorney clearly objected to the prosecutor's motion not to exclude Chesnut, the Commonwealth's witness.

It was the trial judge who initially raised the matter of Chesnut being a "victim" and invited a discussion on that issue. In pertinent part, Code § 19.2-265.01 provides as follows:

> During the trial of every criminal case and in all court proceedings attendant to trial, whether before, during or after trial, . . . at which attendance by the defendant is permitted, whether in a circuit or district court, any victim as defined in [Code] § 19.2-11.01 may remain in the courtroom and shall not be excluded unless the court determines, in its discretion, the presence of the victim would impair the conduct of a fair trial.

I would hold, as Wooddell contends, that the language of Code § 19.2-265.1 is more specific than the general language of Code § 19.2-265.01 and, therefore, overrides it. Code § 19.2-265.1 concerns criminal trials and specifically addresses "the exclusion of every witness." (Emphasis added.) The plain language of Code § 19.2-265.1 provides an exemption as a matter of right only for criminal defendants. The General Assembly could have easily inserted an exemption for victims had they intended victims to remain in the courtroom as a matter of right. Furthermore, we must apply the rule of lenity and resolve in favor of the defendant any ambiguity that exists between Code § 19.2-265.1 and Code § 19.2-265.01. Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). See also Richardson v. Commonwealth, 25 Va. App. 491, 496, 489

- 11 -

S.E.2d 697, 700 (1997) (en banc) (citing Bell v. United States, 349 U.S. 81, 83 (1955)).  Thus, I would hold that Code § 19.2-265.1 trumps Code § 19.2-265.01.

Even assuming, for purposes of discussion, that Code § 19.2-265.1 does not, I would hold that the trial judge erred in refusing to exclude Chesnut under Code § 19.2-265.01. Wooddell's allegation of inconsistent testimony at the preliminary hearing was unrebutted and sufficient to establish that Chesnut's presence "would impair the conduct of a fair trial."  Code § 19.2-265.01.  By overruling Wooddell's objection, the trial judge permitted Chesnut to remain in the courtroom and hear Andrea Rockett's testimony before Chesnut testified.  Because this conviction was based on the jury's assessment of the credibility of the witnesses, I would hold that the trial judge's failure to exclude Chesnut during Rockett's testimony allowed Chesnut to conform his testimony and impaired Wooddell's right to a fair trial.

For these reasons, I would reverse the convictions and remand for a new trial.  See Johnson, 217 Va. at 683, 232 S.E.2d at 742; Martin v. Commonwealth, 217 Va. 847, 848, 234 S.E.2d 62, 63 (1977).